## Demuth *versus* Amweg.

1. In an action for damages for the obstruction of an alley, it is competent for the defendant to prove, by way of mitigation of damages, that it was not the plaintiff's only means of access to the rear of his property.

2. Twenty-one years adverse user of an easement gives rise to the presumption of a grant; that there was a gate maintained across an alley is of no consequence, if the plaintiff and those under whom he claimed, used it whenever he chose to do so.

3. That the defendant or some one of his predecessors in title, gave notice, at a sheriff's sale of the property, that he claimed the exclusive right and ownership of the alley in question, could not affect the plaintiff, if he were not present when such notice was given. Assertion of title is not enough; it must, to be effective, be accompanied with some act which, at least for the time being, would prevent the use of the easement.

4. If the use of the way by the plaintiff was merely a permissive use, and the jury, from the evidence as it appears in the case, might so have found, then he could not claim the easement as of right, for, in that event, no presumption of grant could arise from the mere lapse of time. In order to establish such right, the user must be adverse, not permissive.

May 6th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Lancaster county:* Of May Term 1879, No. 86.

Case by John M. Amweg against Samuel J. Demuth to recover damages for the obstruction of an alley.

In 1773, Nicholas Reidenour was the owner of a property on the southwest corner of Duke and East King streets, in the city of Lancaster, containing in front on said King street 32 feet 2¼ inches, and extending in depth along said Duke street 126 feet, to land, then of Jacob Clatz, now of plaintiff. The property adjoining this on the west, of equal depth and front, and belonging now to defendant, was then owned by Stephen Martin. In 1773, Reidenour and Martin, the latter being a hotel keeper, executed an agreement, with reciprocal covenants, to appropriate and to keep open as an alley, nine feet of ground at the south end of their respective lots, for the use of themselves, their heirs and assigns, owners and occupiers of the said properties. The property now of plaintiff adjoined, on the south, the properties of Reidenour and .Martin, and was then owned, the front half on Duke street, by Jacob Clatz, and the rear half by Reidenour. In 1774, the two portions became united in one owner, and subsequently passed, by successive mesne conveyances, to the plaintiff, while the Stephen Martin property, including the fee of the alley in question, passed in like manner to the defendant. The plaintiff claims a right of way over the alley, first, under the agreement of 1773, and secondly, by prescription.

At the trial, before Livingston, P. J., the defendant made the following offers of evidence, which the court overruled. 1. To ask

[Demuth *v.* Amweg.]

plaintiff on cross-examination: Have you not other alleys leading from Duke street to your back building, as convenient for purposes of egress and ingress as the alley in question?

2. To ask plaintiff on cross-examination: In estimating the damages, do you take into consideration the fact that you have another alley, communicating with Duke street on the south of your house, which leads directly to your kitchen?

3. On cross-examination, to prove by witness, in mitigation of damages, that plaintiff has another alley on the south side of his house, which affords every facility for ingress and egress that is afforded by the alley in question.

In overruling this offer, the court said: " There being no offer to show that defendant furnished any other alley of equal capacity or width, or any other facilities, in place of the alley in question, the offer is disallowed."

4. To prove by witness that when he first knew this property, fifty-four years ago, the land in the rear, constituting the west half of the property now owned and occupied by plaintiff, communicated with Duke street by an alley on the south side of the house, and that the land south of that, to a fourteen-feet alley, had not then been built upon.

5. To prove, in mitigation of damages, that there is now, and has been for many years (twenty years), an alley on the south side of the premises now owned by plaintiff, communicating from Duke street to the rear of his premises, as convenient as a means of ingress and egress as the alley in question, and that the said alley belongs in common to plaintiff and the adjoining property immediately on the south.

The rejection of the foregoing offers, constituted respectively the first, second, third, fourth and fifth assignments of error.

The following were among the points submitted by defendant, to which are appended the answers of the court.

3. That if the jury believe that there was no adverse use of the alley by the plaintiff, or those under whom he holds, up to 1842, and in that year the owner of the plaintiff's property was denied the right to put a door in his backbuilding, leading to the alley, by the owners thereof; and that in 1848 and 1849, the owners of the alley gave public notice at a sheriff's sale, as well as at a subsequent public sale of plaintiff's property, that the ownership and exclusive right to the use of said alley was in them; and that no notice to the contrary was given at either sale of the owners of plaintiff's property or their representatives, or no claim of right asserted by them, the right of way was lost to the plaintiff, and the verdict must be for defendant, unless the jury find that a right of way has since been acquired under the Statute of Limitations.

Ans. " This point, we cannot, under the facts in the case, affirm. Benedict, Buckius and Trissler at least say there was a door there

[Demuth v. Amweg.]

in 1842, when Hamersly resided there, and that the alley was then used by the owner of the building as a passage-way for the workmen while putting in the door, and by Mr. Trissler, from that time down to Mr. Amweg's time, in serving those residing there with meat. The putting in of the door, opening out into this alley, would be an assertion of a right to use the alley, which, if followed up by actual, notorious and continuous user, on the part of the different owners of plaintiff's property for twenty-one years, without interruption, would be sufficient to establish in plaintiff a right of way by user, which would not be affected by the mere fact of a notice having been read at the sheriff's sale and public sale of plaintiff's property by the bank, neither of said sales having been held on the premises, but at a hotel some distance therefrom, there being no proof that the owner of the property was present at either sale when the notice (which implies at least that some claim was made to the use of this alley), was read, without some further act on the part of those giving notice prohibiting its use."

5. That the plaintiff, to sustain his claim to a right of way under the Statute of Limitations, must prove that he or those under whom he holds, enjoyed an uninterrupted adverse use of the alley, under the claim of right, for twenty-one years prior to February 1876, when the obstruction was erected.

Ans. "This we affirm, saying, however, that it will not be necessary, in order to establish a right, for the jury to find that there was a user of the alley twenty-one years, during which time there were no gates at the Duke street entrance. It will be sufficient if there was an occupancy and use of the alley as it existed for twenty-one years."

6. That if the jury believe, from the evidence, that the use of the alley by the plaintiff, or those under whom he holds, was only at such times as the owners thereof had it open for their own use, without the exercise or assertion of any right to use it at other times, or to oppose, in any way, the right of the owners to the exclusive control of it, and that said limited use was by the leave, favor and courtesy, or by the permission and at the will of the owner, the verdict must be for the defendant.

Ans. "The original grant establishing and creating this alley having stipulated that gates should be upon it, if the plaintiff, and those under whom he claims, have used and enjoyed the use of the alley as it existed, with the gates upon it, continuously, uninterruptedly and adversely, whenever they chose so to do, without asking leave, for twenty-one years, with the acquiescence or knowledge of the owners, the plaintiff would be entitled to its use by the title of user."

The answers to these points constituted respectively the sixth, eighth and ninth assignments of error. The seventh assignment was the following portion of the charge:

[Demuth *v.* Amweg.]

"Some stress seems to be laid on, and some consequence attached to, the fact that there was at times a gate placed across the alley. It does not seem to us that that makes much, if any, difference in the investigation of this case. You will remember that at the time the alley was created, it was expressly stipulated that there should be a gate or gates across it, and plaintiff could only acquire a right to use it as it existed. He would have no right to complain."

Verdict for plaintiff. After judgment thereon, defendant took this writ, alleging that the court erred as set forth in the above assignments of error.

*M. Brosius* and *S. H. Price*, for plaintiff in error.—To say, of the fact that a door was put into the house opening into this alley, that it was the assertion of a right to use the alley, without respect to the circumstances under which it was put there, is giving the fact a potency which does not belong to it.

The notice at the public sale, if it conveyed any implication, it was that defendant desired the purchaser at such sale to know that he was purchasing no right to use the alley—nothing further; and to throw it into the jury-box, as evidence that a claim had been made by the plaintiff of a right to the alley, was to wrong the defendant.

The vital question in the case was, whether the use was really adverse; whether there was not sufficient evidence to account for it otherwise than under a claim of right; whether the exclusive control, which the defendant at times exercised over the alley, did not break the continuity of plaintiff's use, and so interrupt it as to prevent him acquiring a right by prescription; whether the use was not wholly permissive at the will and by the courtesy of the defendant, without any pretence of an adverse claim. Adverse use is essentially aggressive: Stephens *v.* Leach, 7 Harris 262; Susquehanna Coal Co. *v.* Quick, 11 P. F. Smith 328. Permissive trespass, however long continued, never raises the presumption of a grant: County of Susquehanna *v.* Deans, 9 Casey 131; Esling *v.* Williams, 10 Barr 126.

*H. C. Brubaker* and *S. H. Reynolds*, for defendant in error.— A gate may be so placed as to be a practical and unreasonable obstruction to the free use of a passage-way, and it may be so constructed and placed as not to amount to any practical obstruction to its use: Connery *v.* Brooke, 23 P. F. Smith 84.

We submit, in the face of the facts, it was incumbent upon the defendant below to show clearly that the use was by leave, favor and courtesy. An attempt was simply made to prove that our use was obstructed and interrupted at times, but the jury, in passing upon the weight and credibility of the testimony, thought differently.

[Demuth v. Amweg.]

Mr. Justice GORDON delivered the opinion of the court, June 2d 1879.

The first, second, third and fourth assignments of error cannot be sustained, for the reason that the offers covered by the first and fourth are irrelevant, and those covered by the second and third were attempts to introduce evidence, proper enough in chief, by cross-examination.

The exception contained in the fifth assignment was well taken and must be sustained. The defendant had the right to show, by way of mitigation of damages, that the alley in question was not the plaintiff's only means of access to the back part of his property. The damages resulting from the obstruction of a way, by which, alone, he could reach the public street, must be very different from those resulting from the obstruction of a way of mere convenience. For the purpose proposed, therefore, the evidence should have been admitted.

The answers to the defendant's third and fifth points, and also to that part of the charge of the court to which exception has been taken, are approved. That there was a gate maintained across the alley was of no consequence if the plaintiff, and those under whom he claimed, used it whenever they chose so to do. Twenty-one years adverse user of an easement gives rise to the presumption of a grant, but surely the grant of a private way may exist as well with as without a gate. The design of a gate is to protect the way from trespass—from the intrusion of those who have no right, but it is not an obstruction, but rather a convenience to those who have a right. As Mr. Justice WILLIAMS pertinently says, in Connery v. Brooke, 23 P. F. Smith 80, "Has not the owner of a passage-way its free use if he hangs a gate across it at its intersection with the street? If I grant the free use, right and privilege of the hall of my house, with free ingress and egress at all times, must I take off the door leading to it, or keep it wide open in order that the grantor may have the free use of it? Or can he not have the free use of it if he can enter it by opening the door whenever he chooses?"

So, that the defendant, or some one of his predecessors in title, gave notice, at a sheriff's sale of the property, that he claimed the exclusive right and ownership of the alley in question, could not affect the plaintiff if he were not present when such notice was given. Even had the plaintiff knowledge of such assertion of title it would amount to nothing if he were permitted, without interruption, to continue his adverse user. Assertion of title was not enough, it must, to be effective, be accompanied with some act which, at least for the time being, would prevent the use of the easement. This part of the ruling of the court below was correct. Not so, however, the answer to the defendant's sixth point. The learned judge was asked to charge: "That if the jury believe, from the evidence, that the use of the alley by the plaintiff, or those under whom he holds,

was only at such times as the owners thereof had it open for their own use, without the assertion of any right to use it at other times, or to oppose in any way, the right of the owners to the exclusive control of it, and that said limited use was by the leave, favor and courtesy, or by permission and at the will of the owner, the verdict must be for the defendant." The answer was: "The original grant establishing and creating this alley having stipulated that gates should be upon it, if the plaintiff and those under whom he claims, have used and enjoyed the use of the alley as it existed, with the gates upon it, continuously, uninterruptedly and adversely, whenever they chose so to do, without asking leave, for twenty-one years, with the acquiescence or knowledge of the owners, the plaintiff would be entitled to its use by the title of user." This was really no answer to the point put. That point contained an accurate statement of the law under the defendant's view of the evidence. If, indeed, the use of the way by the plaintiff was merely a permissive use, and the jury, from the evidence as it appears in the case, might so have found, then he could not claim the easement as of right, for, in that event, no presumption of grant could arise from the mere lapse of time. In order to establish such right, the user must be adverse, not permissive. The point should have been affirmed without qualification; as it was, the defendant was deprived of an important instruction to which he was entitled.

The judgment is reversed, and a new *venire* is ordered.