From Luke H. Frasher, Uniontown, Pa.

---

## Roan v. Carl.

*Ejectment—Res judicata—Permissive use—Adverse use.*

1. Where a defendant in ejectment sets up title by adverse use and a verdict and judgment are rendered against him, the question of title by adverse use is *res judicata* in a subsequent injunction suit against him to compel him to remove encroachments on the land in dispute.

2. Where a defendant fails in an ejectment suit and refuses to remove encroachments on the land in dispute, he may be compelled by injunction to remove them.

3. Mere permissive use of land of another for any length of times confers no right of continued enjoyment so as to ripen into title by adverse use.

Bill for injunction. C. P. Columbia Co., Sept. T., 1922, No. 3, in Equity.

*H. Mont. Smith,* for plaintiff; *E. J. Mullen,* for defendant.

Roan v. Carl.

POTTER, P. J., 17th district district, specially presiding, Sept. 22, 1924.—
From the evidence produced upon the trial of this case we arrive at the
following

### Findings of fact.

1. That the plaintiff and the defendant are the owners of adjoining lots of
land, situate on the south side of West Third Street, in the town of Blooms-
burg, Columbia County, Pennsylvania, the plaintiff owning the eastern lot
and the defendant owning the western lot, and that the division-line between
said lots was indicated by iron pins marking the same upon the ground and
placed there in May, 1917, by Messrs. Brown and Eyer, civil engineers, in
accordance with the survey and draft made by them at that time, which draft
is attached to the record of the ejectment suit of Joseph B. Carl v. Clark
Roan, the same being No. 50, February Term, 1916, in the Court of Common
Pleas of Columbia County, and the same being marked "B/P of defendant's
exhibit No. 1."

2. That since the time of said original survey in 1917 until the time of the
hearing herein (Feb. 4, 1924), there have been no changes as to location of
said iron pins, nor have there been any changes in the conditions upon the
ground with reference to said division-line and the encroachments over that
line, to wit, the old wooden fence and the eaves of Carl's house.

3. That the record of the ejectment suit aforesaid conclusively shows that
the strip of land in dispute, including the encroaching eaves and fences, is the
identical strip of land and the identical encroachments mentioned in plaintiff's
bill herein and constituting the subject-matter thereof.

From which we draw the following conclusions of law, namely:

### Conclusions of law.

1. That from the record, verdict and judgment in the ejectment suit
between the same parties, filed to No. 50, February Term, 1916, in the Court
of Common Pleas of Columbia County, it conclusively appears that the title
and right of possession of the land east of the Brown and Eyer division-line
was finally adjudged to be in Clark Roan, the plaintiff, by virtue of which said
judgment said Roan is now entitled to have and enjoy said disputed strip of
land free of all encroachments whatever, including the old fences built thereon
by the defendant and the overhanging eaves of defendant's house.

2. That an examination of the record in said ejectment suit shows that, at
the trial of the same, Joseph B. Carl, the defendant herein, abandoned all
claim to paper title to the "land in dispute" and relied entirely upon his claim
of adverse possession, which claim was predicated upon his alleged adverse
encroachments of the old fences and the overhanging eaves involved in the
suit at bar; that said claim to title by adverse possession was the only ques-
tion submitted to the jury in said ejectment suit and was by the verdict and
judgment therein finally and conclusively decided against said Carl.

3. That the judgment in said ejectment suit is *res adjudicata* as to any
right of the said Joseph B. Carl in the land in dispute, to wit, all land east of
the Brown and Eyer division-line established in 1917, and effectively estab-
lishes the absolute and unqualified title of the plaintiff herein, Clark Roan,
to said land and his right of possession to the same free of all encroachments
whatsoever as of the date of the entry of judgment in said ejectment suit, to
wit, Oct. 4, 1921.

4. That the plaintiff herein having in said ejectment suit established his
right and title and right of possession to all land east of the Brown and Eyer

Roan v. Carl.

division-line established in 1917, and the defendant having, after due notice, refused to remove the eaves and fences encroaching thereon, the plaintiff in this bill is entitled to an injunction against the defendant, enjoining him from further maintaining said encroachments and requiring him to remove them.

5. That the plaintiff has fully established the allegations contained in his bill and is entitled to the equitable relief therein prayed for, and the bill is, therefore, sustained and an injunction is awarded as prayed for.

6. That the defendant pay the costs of these proceedings.

## Discussion.

As of No. 50, February Term, 1916, Carl, the defendant herein, brought an action of ejectment against Roan, the plaintiff, for a small strip of land lying between their lots, which resulted in a verdict for Roan, who was in possession of the same. This verdict established the fact that Roan was the legal owner of the land in dispute, which was and is the identical land mentioned and referred to in this bill in equity; so that, so far as concerns the present controversy relative to the said strip of land, we will regard it as res adjudicata. In that suit Carl abandoned his paper title and based his claim upon adverse possession. It seems that Carl constructed a division-fence between his lot and that of Roan, which, by the verdict rendered against him, proved to be upon the land of Roan, who notified him to remove it, which Carl refused to do. This bill is brought by Roan, praying that an injunction may issue enjoining Carl from encroaching upon the lands of Roan and to require him to remove the said fence.

It seems that the eaves of Carl's house extend partly over this strip of land. Roan also notified him to remove them, which Carl refuses to do, and in this bill Roan also prays that Carl be enjoined from continuing this encroachment and that he be required to remove them. Carl claims the right for the extension of his eaves over Roan's land by prescription, claiming that they have been so overhanging since the year 1895. If this is true, if they have been so overhanging by adverse user for twenty-one years or more, then his prescriptive right would be complete.

The house now owned and occupied by Carl was built in the year 1895 by one Bernschoff, at which time the house now owned and occupied by Roan was owned and occupied by one Mrs. Walter. When Bernschoff built his home, which now stands as it then did, he called Mrs. Walter's attention to the fact that his eaves extended over her land, to which she replied, "We'll never fight about it." (See page 151 of the notes of testimony of the trial of No. 50, February Term, 1916.) There was nothing more said about it till the trouble arose between Carl and Roan, as embraced in the case above cited. Or, Mrs. Walter gave Bernschop permission to extend his eaves over the land. This was clearly a permissive use, and could not be hostile and adverse, and, therefore, could not ripen into a prescriptive right.

A mere permissive use of the land of another for any length of time confers no right of continued enjoyment. The owner may prohibit the use or discontinue it altogether at his pleasure, so long as it is merely permissive: 14 Cyc., 1151.

Mere permissive enjoyment of a privilege does not make adverse user: Chestnut Hill & Spring House Turnpike Co. v. Piper, 77 Pa. 432; Demuth v. Amweg, 90 Pa. 181; Bennett v. Biddle, 140 Pa. 396.

We see no necessity in prolonging this discussion. The extension of the eaves of Carl's house over Roan's land is clearly a permissive use, not adverse, and has not ripened into a prescriptive right. This litigation was begun by

Carl, and if he has opened up trouble for himself, he has no one but himself to blame for it.

Roan is entitled to the relief prayed for in his bill. Wherefore, let the injunction issue as prayed for.

And now, to wit, Sept. 22, 1924, the bill in this case is sustained. Let the proper decree be drawn by counsel for the plaintiff in accordance with existing equity rules.

From Charles P. Ulrich, Selinsgrove, Pa.