## Birnbaum, Appellant, *v.* Bailey, Banks & Biddle.

*Adverse possession—Alley — Obstruction — Interruption in adverse use—Evidence.*

1. In an action of trespass for the obstruction of an alley, where plaintiff claims a continued, uniform and adverse use for more than twenty-one years, his case is defeated by evidence disclosing an interval of at least three years, when such use is not shown to have existed.

Argued January 10, 1924.    Appeal, No. 93, Jan. T., 1924, by plaintiff, from judgment of C. P. No. 5, Phila. Co., March T., 1921, No. 2529, for defendant, on the whole record, in case of Theodore C. Birnbaum v. Bailey, Banks & Biddle.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.    Affirmed.

Trespass for obstructing alley.    Before MARTIN, P. J. The opinion of the Supreme Court states the facts.

Judgment for defendant on the whole record, after disagreement of jury.    Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*Ralph B. Evans,* with him *Francis H. Sheetz,* for appellant.—Plaintiff's evidence was sufficient to establish a prescriptive right to the use of the alley: Esling v. Williams, 10 Pa. 126; Steffy v. Carpenter, 37 Pa. 41; Bennett v. Biddle, 150 Pa. 420; Russel v. Woodbury, 53 Pa. Superior Ct. 624.

*Harvey Gourley,* for appellee.—The uncontradicted evidence shows that use of the alley by the tenants and occupants of plaintiff's properties was by permission and interrupted: Zerbey v. Allan, 215 Pa. 383; Shroder v. Breneman, 23 Pa. 350.

PER CURIAM, February 4, 1924:

Plaintiff is the owner of four properties at the southeast corner of Thirteenth and Sansom streets, Philadelphia, fronting on the former highway. Defendant is the owner of a property on Sansom Street, at the rear of plaintiff's premises. Between the respective properties of plaintiff and defendant there is an alley extending southwardly from Sansom Street and connecting with another alley leading westwardly into Thirteenth Street. The first alley was laid out by a common owner for the use of the premises abutting on both sides; originally only four feet across, it was widened many years ago, for part of its length, to ten feet, the additional six feet being taken from property now owned by defendant when (at a time not fixed in the testimony) a structure was erected on it to a line that far east of the four-foot alley. According to the earliest recollection of the witnesses, going back to 1875, the widened alley was paved in the middle and had narrow sidewalks on both sides, which condition has remained substantially unchanged to the present time, except that there are certain obstructions extending from defendant's building over the footway on its side of the alley, and, in 1920, defendant erected a gate across the easternmost six feet of the alley, at the Sansom Street end, thereby preventing its use as a passageway for vehicles, save by defendant or with its permission. Plaintiff, in the present action of trespass, complains of this obstruction. The case was submitted to the jury, which disagreed. Thereafter the trial court entered judgment, under the act of assembly, in favor of defendant, and plaintiff took this appeal.

We agree with the opinion of the court below that "the evidence fails to disclose a continuous, uniform, adverse use of defendant's land by the occupants of the properties owned by plaintiff." Plaintiff's case rests on the theory of such a use, but our examination of the proofs shows an interval of at least three years when it is not proved to have existed. We shall not discuss the evidence in detail except to say that the testimony of the first witness, who told of conditions beginning in the year 1881, is too vague to rest a verdict on.

The judgment is affirmed.