Pribek et al., Appellants, *v.* McGahan et ux.

Argued March 28, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frank P. Barnhart,* for appellant.

*Edward Knuff,* with him *Philip N. Shettig,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 23, 1934:

By their bill in equity in this case, plaintiffs seek to enjoin "defendants, their servants, agents and employees from obstructing, barricading, or in any manner interfering with plaintiffs' use" of a four-foot right-of-way, and to require them [defendants] to restore the way to the condition in which it was before they interfered with plaintiffs' use of it. The final decree was that the bill should be dismissed and therefrom plaintiffs prosecute this appeal. The decree must be affirmed.

Plaintiffs claim the right of user of the four-foot way (1) By virtue of certain clauses in the deeds and agreement hereinafter referred to, and (2) By prescription. We will pass upon these claims in the order stated, premising that defendant's property is situated at the northwest corner of Market and Locust Streets in the City of Johnstown, Pa., containing in front on Market Street 22 feet and extending in that depth along Locust Street 66 feet. Plaintiffs' property adjoins defendants' on the north, having a frontage of 18 feet 1¼ inches on Market Street, and being also 66 feet deep. Prior to May 22, 1885, both properties had a common ownership; but, on that day, the then owners conveyed a lot 29 feet 2½ inches front on Market Street and of a depth of 66 feet, to one Elizabeth Habicht, wife of George Habicht, she being one of plaintiffs' predecessors in title. Part of this lot is included in plaintiffs' property. This deed reserved unto the grantors (not to the grantee) "a right

of way for a passageway of four feet the entire width of and in the rear of said lot, *in accordance with articles of agreement of this date of the parties hereto."*

The record does not disclose any articles of agreement of that date, but it shows one dated February 27, 1886, between the grantors of the last mentioned deed, of the first part, and the grantee therein and her husband, of the second part. These are doubtless the articles of agreement referred to in the deed of 1885, and they seem to have been so considered by both litigants. After reciting that the parties of the second part, who are plaintiffs' predecessors in title, own the lot first described in the above deed, and that the parties of the first part own the lot immediately adjoining to the south, of exactly the same width, and extending to Locust Street, the agreement provides as follows: "Whereas the parties to this agreement desire to open and make a foot walk of the width of four feet to extend from Locust Street in a northerly direction the distance of fifty-eight feet and five inches. In consideration hereafter mentioned, the said Jacob and Susan Wild, parties of the first part and George and Elizabeth Habicht, parties of the second part, each for themselves, their heirs, executors, administrators or assigns each unto the other do bind themselves to the following items in this agreement:

"It is agreed that when the parties of the first part tear down the present buildings and erect a new building that they will have and open a foot walk of four feet in width as above described. It is agreed that the gate to the entrance and a brick walk is to be made and constructed and kept in repair at the cost and expense of the parties of the second part which is the consideration. It is agreed that said walk is to be used only by the said parties to this agreement or their tenants, heirs and assigns, provided that if the said parties of the second part [plaintiff's predecessor in title] sell or assign their property as above recited the said parties of the first part [defendants' predecessor in title] their heirs and assigns

reserve the right to annul and cancel this agreement and to close said walk or entrance forthwith, unless permission is given in writing by the parties of the first part to continue the use of the same.

"It is agreed, if any person or persons use said walk other than those above mentioned, the parties of the first part reserve the right to make, annul and cancel this agreement after notice to the parties of the second part."

This was the inception of the four-foot right-of-way now in controversy, and plaintiffs' claim to its use, by virtue of a grant, exists, if at all, only because of that agreement. Their predecessors in title did not then own the southernmost seven feet of the lot now owned by them, but acquired title thereto from the heirs of the parties of the first part named in the articles of agreement, by deed dated May 19, 1890, and thereafter conveyed the whole of the lot, now owned by plaintiffs, to Susan Pribek, by deed dated June 7, 1905. Two of plaintiffs are devisees under the will of said Susan Pribek; the third is administrator c. t. a. of her estate; and the fourth is a tenant of the others. Neither of the two deeds last referred to, make any mention of the four-foot right-of-way, nor does any other deed or document to which plaintiffs or any of them are parties, or which appears in their chain of title. It is clear, beyond peradventure, therefore, that plaintiffs have no right, by grant or agreement, to use the right-of-way unless one is derived through the articles of agreement quoted in the immediately preceding paragraph hereof. As to this, the admitted facts negative the possibility of such a claim.

It will be noticed that the foregoing quotation from these articles of agreement, give to plaintiffs' predecessors in title, and those claiming under and through them, only a right which is much limited in scope. It provides "that if the said parties of the second part [plaintiffs' predecessor in title] sell or assign their property as above recited the said parties of the first part [defend-

ants' predecessor in title] their heirs and assigns reserve the right to annul and cancel this agreement and to close said walk or entrance forthwith unless permission is given in writing by the parties of the first part to continue the use of the same." The "said parties of the second part [on June 7, 1905, sold] their property," but it is not claimed that, then or thereafter, any written or other permission was ever given by "said parties of the first part, their heirs or assigns" to any one to continue the use of the four-foot alley. Hence plaintiffs never acquired a right by deed or agreement to have it continued.

It is true that in the deeds in defendants' chain of title it is stated: "Excepting and reserving a right-of-way for egress and regress of the width of four feet at the rear of said lot, to extend from Locust Street to and across said lot to the adjoining lot." This clause was properly inserted therein, since no one had, at the dates of those deeds, exercised the right "to annul and cancel this agreement [above quoted], and to close said walk or entrance." Moreover, this warning to the grantees in the deeds in defendants' chain of title, cannot inure to plaintiffs' benefit, since neither they nor any one through whom they claim, was a party to any of these deeds. It is certain, therefore, that plaintiffs cannot, because of any deed or agreement, be heard to object to defendants closing of the four-foot right-of-way.

Their claim of a right by prescription must also be denied for other but equally cogent reasons. The bill in equity left uncertain whether their claim was founded upon a grant or by prescription. For this reason, inter alia, defendants filed "preliminary objections to the bill of complaint," alleging therein that "it is impossible to tell whether the easement claimed by plaintiffs is based upon a grant or a prescriptive right." At the argument of these objections, their counsel "stated to the court that he would stand upon such rights as may have been acquired by the alleged grant to the plaintiffs and their predecessors in title." The court below thereupon over-

ruled the objections and directed defendants to answer over. This they did, and, upon the status thus made by plaintiffs, the case was tried and argued before the chancellor, who filed his adjudication in favor of defendants, and reported that the bill should be dismissed.

Plaintiffs thereupon endeavored to take the back track and, 2½ years after they had made their election as above stated, asked leave to amend their bill so as to raise an issue on the question of prescription. A rule to show cause was granted; defendants filed an answer setting forth the above facts and averring that between the date when plaintiffs made their election as above set forth and their filing of the petition to amend, one of the original defendants had died, and because thereof the allowance of the amendment would "work a serious disadvantage to the respondents," who would be deprived of his testimony on the question of prescription. Plaintiff ordered the case for argument on petition and answer thereby admitting the truth of all the relevant averments of the latter (Kelly v. International Clay Products Co., 291 Pa. 393), and the court below, after argument, dismissed the petition.

In their brief in this court, plaintiffs contend that the allowance of such an amendment is within the sound discretion of the court. This is, of course, correct, but we cannot say that, under the facts as above set forth, the discretion was abused. As "nature abhors a vacuum," so equity abhors delays on the part of a complainant, which do or may result in injury to his opponent. Thus it is said in Berlin Smokeless Coal & Clay Co. v. Rohm, 272 Pa. 24, 27: "The allowance of amendments rests in the reasonable discretion of the court, and, in the absence of plain error, its action will not be reversed. In the present case it was amply justified in refusing, after findings of fact and law had been made and the decree nisi entered [and this was the case here, also], to permit the amendment asked for: Muehlhof v. Boltz, 215 Pa. 124; Hoofstitler v. Hostetter, 172 Pa. 575." So also we

said in Riley v. Boynton Coal Co., 305 Pa. 364, 368: "The general principle is that nothing can call forth the court of chancery into activity but conscience, good faith and reasonable diligence......The doctrine is founded upon the equity maxim that 'equity aids the vigilant, not those who slumber on their rights.' Its object is in general to exact of the complainant fair dealing with his adversary, and the rule was adopted largely because, after a great lapse of time, from death of parties [as was the case here] loss of papers, death of witnesses and other causes, there is danger of doing injustice, and there can no longer be a safe determination of the controversy." See also Kinter v. Commonwealth Trust Co., 274 Pa. 436; Cohen v. Shapiro, 298 Pa. 27.

The question of a prescriptive right is, therefore, not properly before us; but if it was, the same conclusion would be reached. A prescriptive right can never arise unless the holding was continuously adverse for at least twenty-one years. Since it here arose out of the articles of agreement above quoted it was permissive in character and not adverse. Having begun as such it is presumed to so continue (Oller v. Bonebrake, 65 Pa. 338; Young v. Hipple, 273 Pa. 439; Dinger v. Friedman, 279 Pa. 8); and there is no averment in the bill, in the petition for leave to amend, or in the evidence, that it ever had any other status. On the contrary, in the fifth paragraph of the bill, quoted in the petition to amend, it is averred by appellants "That since the year 1885, and extending down to the 25th day of June, 1930, the said right-of-way, as set forth in the foregoing conveyances, has been opened and maintained without interruption, and used by the owners and lessees of the said Pribek [plaintiff's] property, excepting as hereinafter mentioned"; that is, it arose out of the deed above set forth, dated May 22, 1885, by Jacob Wild and Susan, his wife, to Elizabeth Habicht, plaintiff's predecessor in title, and the articles of agreement between them, as above quoted, and so continued, without change of status, until de-

fendants in 1930, acting under the right vested in them by said articles, rightfully closed it up so that plaintiff could no longer use it.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.