Sterrett, Appellant, *v.* Sterrett.

Argued September 28, 1960.   Before JONES, C. J.,
BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Abraham Gratz*, for appellant.

*Allen N. Brunwasser*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, December 1, 1960:

On May 1, 1939, William Sterrett and Dorothy Willis agreed to live together as a married couple. They went through a homemade ritual wherein Dorothy said to William: "I, Dorothy, take you Bill for my lawful wedded husband," and he replied to her in reciprocal language. From then on they lived together as husband and wife, they were so regarded in the community in which they made their home, and all went as well as a wedding bell, although it had never ceremonially rung in their behalf.

On July 22, 1952, they decided to supply this deficiency. They took out a marriage license in Washington County and were now civilly and ceremonially joined together in accordance with the procedure of formal law.

The law is now called upon to decide a question which has been raised by the plaintiff, namely: When did the marriage between William and Dorothy Sterrett really begin? When the marriage bells proclaimed them husband and wife on July 22, 1952, or when they declared, on May 1, 1939, each unto the other, that they were now married until death (or divorce) parted them? The answer to this question is of conclusive importance to this case because on February 23, 1946, they had come into possession of a property, the deed to which named the grantees as "William Sterrett and Dorothy A. Sterrett, his wife."

The plaintiff, who, despite the double marriage bond, has now left his wife, asks for partition of the real estate of February 1946. The defendant, who is living on the property, maintains that partition is not in order because, being Sterrett's wife at the time of

the conveyance, (on account of the common law relationship), her title in the property is one of estate by the entireties. If they were indeed married, in the eyes of the law, on May 1, 1939, Mrs. Sterrett's claim is well founded.

The common law and romantic concept that husband and wife were but one person has undergone considerable modification by legislation and modern decisions. Today, husband and wife are, for most purposes, regarded in law, as what they have always physically been, two separate human beings. The wife is entitled to her own separate earnings and she may own her own property. However, the change of the poetic concept of two-in-one has not affected the oneness of the property which they own together as husband and wife. That property remains indivisible and can only be conveyed by the consent of both parties. If one of the spouses incurs debts, their liquidation cannot be discharged against the property held by entireties. If one of the parties dies, his unpaid obligations cannot be met from any part of the estate by entireties.

Husband and wife own an estate in entireties as if it were a living tree, whose fruits they share together. To split the tree in two would be to kill it and then it would not be what it was before when either could enjoy its shelter, shade and fruit as much as the other. Former Chief Justice STERN of this Court well described the nature of estates by the entireties in the case of *C. I. T. Corporation v. Flint*, 333 Pa. 350, where he said: "Tenancy by entireties is a venerable institute of the common law; it rests upon instincts which form the very warp and woof of our domestic and social fabric. In such a tenancy each spouse is seized *per tout et non per my*. There is but one legal estate, which, by a long course of judicial decisions, has been buttressed against inroads attempted either

by the parties themselves or by their individual creditors. Thus, a purchaser at sheriff's sale, under a judgment against the husband, does not acquire any right to possession, joint or exclusive, during the life of the wife: McCurdy and Stevenson v. Canning, 64 Pa. 39. Where there is a judgment against the husband, the surviving wife takes the property free of it, nor can a tenancy by entireties be changed into one in common by any act or deed of the parties so long as they remain the owners of the property and the marriage relation continues: Hetzel v. Lincoln, 216 Pa. 60."

Even after the passage of the Act of May 10, 1927, P. L. 884, 68 PS §501, which as now amended, permits partitioning of property by a married couple after divorce, the estate by entireties was regarded so indestructible and indivisible that the Superior Court refused to permit partitioning where the married couple held property by entireties prior to the passage of the Act: "Real estate held by tenants by entireties prior to that act is not a subject of partition, although the parties are subsequently divorced . . . In Stuckey v. Keefe's Ex'rs., 26 Pa. 397 (1856), at pages 400, 401, Chief Justice Lewis said: 'Tenants in common may sell their respective shares. . . . They are liable to reciprocal actions of waste and of account; and if one turns the other out of possession, an action of ejectment will lie against him. These incidents cannot exist in an estate held by husband and wife. No action of partition, or waste, or account or ejectment, can be maintained by one against the other.' " (*Mertz v. Mertz*, 139 Pa. Superior Ct. 299, 302)

The plaintiff in the action at bar brought an action in the Court of Common Pleas of Allegheny County for partition of the real estate in controversy. In the complaint he also averred that he was entitled to $1250 from Mrs. Sterrett because he had paid off a mortgage

of $2500 against the property. In her answer the defendant pleaded the common law marriage of 1939. The court below dismissed the complaint and found that the mortgage of which the plaintiff spoke had been placed against the property on May 5, 1953, for his own benefit, that he "used the funds for his own purposes except for $100 to pay household expenses," and "that the mortgage was discharged from joint funds of the husband and wife and that the defendant worked during this period and used her earnings to help with the payments."

As to the marriage itself, the chancellor specifically found, after hearing into the matter, that a common law marriage between the parties did in fact take place on May 1, 1939. A chancellor's findings, especially when confirmed by a court en banc, as was true here, will not be disturbed on appeal unless they fail to find support with adequate evidence. *Pregrad v. Pregrad*, 367 Pa. 177, 179. Applying that invariable rule to the instant case, we discover no cause to disturb the chancellor's findings. We agree with the statement of the court en banc that: "The basic issue on the merits of this case was whether or not the parties who had lived together for nearly 18 years and had lived in the same premises (the premises in question) for approximately 11 years as man and wife, were legally married. This issue was wholly a question of fact. We believe there was abundant evidence to show a common law marriage of the two parties on May 1, 1939. The chancellor found that the parties were so married and dismissed the complaint. His decision was in keeping with the testimony and the law."

The chancellor also found that the plaintiff was not entitled, as he claimed, to one half of the fair rental value of the property since the property was as equally available to him as it was to the defendant.

Although we approve of the rulings made by the lower court in all these matters, such affirmation is not really called for since, as stated in *Mertz v. Mertz,* 139 Pa. Superior. Ct. 299, 303: "Plaintiff's bill in equity had for its purpose the partition of the real estate held by plaintiff and defendant as tenants by entireties since May 6, 1921. Clearly equity had no jurisdiction of the subject matter. It was not within the province of the court below sitting in equity to entertain the bill for partition. If there could have been partition of the real estate defendant, who was in possession, would have had deducted from his distributive share the rental value thereof to which plaintiff was entitled. Act of June 24, 1895, P.L. 237, §1, 68 P.S. §101. *As there could be no partition, the other matters prayed for in the bill were not for the consideration of the court, as they were incidental to and dependent upon partition proceedings. . ."* (Emphasis supplied)

The decree of the court below is affirmed; each party to bear own costs.