Margoline, Appellant, *v.* Holefelder.

Argued January 12, 1966. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Melvin G. Levy*, with him *McClenachan, Blumberg
& Levy*, for appellant.

*C. Norwood Wherry*, with him *Albert E. Holl, Jr.*,
for appellees.

OPINION BY MR. JUSTICE COHEN, March 22, 1966:

Plaintiff is the owner of record, since 1936, of a lot
which is improved with various structures.  Immedi-
ately adjacent to plaintiff's property is defendants' lot
which is also improved.  Vehicular traffic over defend-
ants' lot created a driveway running to plaintiff's prop-
erty.  The driveway was used, among other things, for
ingress and egress by plaintiff, his family, his tenants,
and servicemen.

Previous to plaintiff's use, his predecessors in title used the driveway. Defendants sought to introduce testimony that plaintiff's predecessors in title utilized the driveway with the permission of the defendants. The trial judge had the testimony stricken at the trial, but later chose to consider it in his determination.

The use by plaintiff was without request and without oral objection by defendants. In 1944, defendants blocked the driveway for about two days with the intention of preventing plaintiff's use. At other times the driveway was obstructed by defendants or others incidentally to other activities.

In 1962 defendants permanently blocked off the driveway and plaintiff instituted this suit to obtain legal recognition of a claimed prescriptive right of way over defendants' property.

The chancellor found that plaintiff's use was neither adverse nor continuous. In finding the use not continuous the chancellor did not find that the use was insufficient, but rather found the use to be interrupted. He relied on the fact that the defendants had obstructed the driveway on numerous occasions, and on many of those occasions had also placed signs stating that the driveway was closed. In doing this, the court below was in error. In order for the continuity of adverse use to be interrupted, the obstruction must be in fact an interruption and must be accomplished with that intent. Restatement, Property, §459 (1944), *Johnson v. Happ*, 1 Bucks 81 (C.P. 1950).

The blockage in 1944 showed the requisite intent, but defendants could not show that the barricade in fact blocked anyone's passage. The witness on this point testified that he saw no one either attempt to tear down the blockade or turn around, his path barred by the blockade.

On other occasions when an actual blockage was demonstrated, since the blockage was incidental to an

act the purpose of which was not to prevent an adverse use, it cannot be said that the adverse use was interrupted.

There not being an actual interruption, defendants failed to rebut the showing of continuity. *Demuth v. Amweg,* 90 Pa. 181 (1879) ; 2 American Law of Property §8.58 (Casner ed. 1952).

In finding plaintiff's use not adverse, the trial court relied on the testimony showing that the prior use was permissive. The trial court was correct in saying that even where there is no attempt at tacking of uses by the adverse user a prior permissive use by a predecessor in title will be deemed to continue as such until the contrary is shown. *Pribek v. McGahan,* 314 Pa. 529, 172 Atl. 709 (1934) ; *Fidler v. Rehmeyer,* 34 Pa. Superior Ct. 275 (1907) ; *A. H. Miller v. Pellizzari,* 342 S.W. 2d 48 (Tex. Civ. App. 1961) ; 28 C.J.S. Easements §14 (1941). The court relied for its finding of permissiveness on the testimony of one witness; however, at the trial, when such testimony was offered the trial judge refused to admit the testimony of prior permissive use. Since the evidence was relevant and material, it should have been admitted, and not to have done so was error to the defendants. This error was compounded, as error to the plaintiff, by the trial court's subsequent consideration of the evidence in its findings, since the testimony was offered on direct examination, and not being admitted there was no cause to rebut or impeach on the point. In effect, plaintiff was not afforded the opportunity to impeach damaging testimony or to rebut the inference which might be drawn therefrom.

As the record now stands, it is incomplete for a determination of the rights of the parties. *Haefele v. Davis,* 368 Pa. 23, 81 A. 2d 530 (1951). If plaintiff can rebut or impeach the showing that the prior use was permissive or show that he asserted a hostile right

twenty-one years or more before his path was barred in 1962, he must prevail. This result follows from the presumption of ownership arising where there is, as plaintiff has demonstrated in this case, an open use of a road over the land of another without permission or objection for an uninterrupted period of 21 years. *Wampler v. Shenk,* 404 Pa. 395, 172 A. 2d 313 (1961). Thus it will be necessary to remand for determination of the narrow points of whether or not the prior permissive use was in fact such, and, if such, whether and when there was an assertion of a hostile right on the part of the plaintiff.

Decree vacated and case remanded for proceedings consistent with this opinion.

Mr. Chief Justice BELL and Mr. Justice EAGEN dissent and would affirm.