Stiegelman *v.* Pennsylvania Yacht Club, Inc.,
Appellant.

112

Argued April 30, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David Freeman,* with him *Edward D. Foy, Jr., Richard S. Clover,* and *Liederbach and Eimer,* and *Clover, Warden & Silverman,* for appellants.

*Thomas J. Profy, III,* with him *Hyman Rubin,* and *Begley, Carlin, Mandio, Kelton & Popkin,* and *Rubin, Leib & Caesar,* for appellee.

OPINION BY MR. JUSTICE EAGEN, October 3, 1968:

This is an appeal from a final decree in equity entered in the court below enjoining the appellant-defendant (hereinafter Pennsylvania Yacht Club) from obstructing and interfering with the appellee-plaintiff's (hereinafter Caroline Stiegelman) right of ingress and egress over a driveway located on property owned by the Pennsylvania Yacht Club which abuts the Stiegelman property. The driveway runs parallel with and close to the common boundary of the two properties. Prior to the beginning of this controversy, there was no roadway providing access to Caroline Stiegelman's property from a state road except this driveway. The court ruled that Caroline Stiegelman had acquired an easement by prescription.

After a hearing, the chancellor found as a fact, and this finding was subsequently affirmed by the court en banc, that the owners, tenants and occupiers of Caroline Stiegelman's property had used the driveway as the sole means of ingress to and egress from the buildings on the premises since 1917, and that there was no evidence as to the circumstances surrounding the inception of this use. It is the Pennsylvania Yacht Club's contention that the court erred in not finding that the evidence established a permissive user. The evidence clearly establishes that Caroline Stiegelman and her predecessor in title used this driveway uninterruptedly and continuously since 1917 without any objection by the Pennsylvania Yacht Club and its predecessors in title until it was blocked in 1957. Such evidence, without more, established prima facie the adverse nature of the use and raised the presumption of an unqualified grant. *Wampler v. Shenk*, 404 Pa. 395, 172 A. 2d 313 (1961). To rebut this presumption, the burden of showing that the driveway was used under permission or contract not consistent with adverse use was on the owner of the servient tenement, the Pennsylvania Yacht Club. *Garrett v. Jackson*, 20 Pa. 331 (1853); *Elias v. Scott*, 164 Pa. Superior Ct. 329, 64 A. 2d 508 (1949); *Steel v. Yocum*, 189 Pa. Superior Ct. 522, 151 A. 2d 815 (1959).

To sustain its contention that the use was permissive in origin the Pennsylvania Yacht Club relies on the testimony of two witnesses. Robert Stiegelman, called by the Pennsylvania Yacht Club, testified that he was employed by his uncle or stepfather, Jacques Stiegelman, during the years 1929-1935 to repair the road. He testified "Q. Did your uncle or stepfather, Jacques Stiegelman, know that this road was blocked off one day a year from '29 to '35? A. Yes. Q. Did he know that you were to repair this road during the

time that you were there? A. He suggested I go over and see Johnny because Johnny was over to see him that morning and asked me if I would—if we would repair the road. He says that was one of the conditions that we could use the road, as long as we kept it in repairs. Q. So this work of yours on the road was done with the knowledge, and agreement, and consent of Mr. Costello and Jacques Stiegelman, is that correct? A. That's right."

The Jacques Stiegelman referred to was Caroline Stiegelman's predecessor in title and the "Johnny" referred to was John Costello, the Pennsylvania Yacht Club's predecessor in title. It will be noted that the "He" referred to in the sentence, "He says that was one of the conditions that we could use this road, as long as we kept it in repairs" is not clearly identified. It is, therefore, uncertain whether this was the declaration of Jacques Stiegelman or of John Costello. If it was the declaration of Costello, the Pennsylvania Yacht Club's predecessor in title, it was a mere self-serving declaration and hearsay. *Brown v. McConnell*, 173 Pa. Superior Ct. 94, 93 A. 2d 896 (1953). Although there was no motion made to strike this testimony, the chancellor was justified in giving little or no weight to this self-serving declaration. If it was the declaration of Caroline Stiegelman's predecessor in title, it was admissible evidence under the rule that declarations of a prior owner against his interest are evidence against him or those claiming under him.

Walter Tilley, Caroline Stiegelman's witness, testified that he was employed by Jacques Stiegelman during the years 1931-1935. He testified: "Q. Did anybody else tell you to put up the chain? A. Mr. Costello, I was talking to him one day, he told me—I think, we had a little bump in the road, or something. He says, 'Fix that road up there and keep that chain

up.' So I went to work and got some dirt and filled the hole in, and kept it in. In the meantime, Mr. Costello has given me a large bell off of a boat, that is how I came to know him personally. Q. Did either of these men, Stiegelman or Costello, who told you to put up the chain, ever tell you why you should put up the chain? A. I was told as long as he took—Jacques Stiegelman took care of the road, put the chain up once a year, he was entitled to use the road." Here, the identity of the person making the declaration is even more nebulous and uncertain than the identity of the declarant in Stiegelman's testimony. The witness could have been "told" by either party's predecessor in title or even by some third person or persons unconnected with the title.

The weight to be given by the chancellor to the two declarations above quoted depended in large part on the identity of the declarants. Since the burden of proving permissive use was on the Pennsylvania Yacht Club, it also had the burden of identifying the declarants upon whose declarations it relies to show permissive use. The Pennsylvania Yacht Club did not even attempt at trial to clarify the obvious ambiguity and uncertainty as to the identity of the declarants and has, therefore, failed to meet the burden cast upon it.

Even if the declarant were clearly identified as Caroline Stiegelman's predecessor in title, the chancellor was justified in finding the evidence was insufficient to rebut the presumption of a grant. In *Pierce v. Cloud,* 42 Pa. 102 (1862), declarations of a predecessor in title of the one asserting the prescriptive right to the effect that he enjoyed the right of way by sufferance and that he had obtained from the owner of the land over which the right of way was located assurance that he would not be shut in were held in-

sufficient to overcome the presumption of a grant. Here, the declarations are much more ambiguous and indefinite in meaning than those in the above cited case and are insufficient to overcome the presumption of a lost grant arising from the evidence as a whole which shows that Caroline Stiegelman and her predecessor in title used the driveway whenever they saw fit without asking leave and without objection.

The case of *Shinn v. Rosenberger*, 347 Pa. 504, 32 A. 2d 747 (1943), cited by the Pennsylvania Yacht Club in support of its position that where the evidence produced by one claiming a prescriptive right shows that the use was permissive in origin no presumption of a grant arises, is distinguishable. There, the evidence of the one asserting the prescriptive right was overwhelming that the use began and at all times continued with the "permission" of the owner. Further, the finding of the chancellor was in *favor* of the one claiming the use was permissive. Here, the evidence as to permissive use is at best meager and in addition is vague, equivocal and ambiguous in meaning as bearing both on the issue of whether the use was permissive in origin and on the issue of the source of the declarations relied upon. Further, here the chancellor made and the court en banc affirmed the finding that there was not a permissive use, which finding was *against* the party so asserting. A chancellor's fact findings, if supported by competent evidence and affirmed by the court en banc, have the same weight as a jury's verdict and will not be disturbed on appeal. *Wampler v. Shenk*, supra; *Sterrett v. Sterrett*, 401 Pa. 583, 166 A. 2d 1 (1960). The chancellor was justified in concluding that the evidence as to permissive use was insufficient to support a finding that the use was permissive in origin and this conclusion will not be disturbed by us on appeal.

There is also evidence in the record that for a number of years the predecessors in title of both parties joined in erecting a chain or barrier across the State Road end of the driveway for one day or two each year. There is some testimony in the record that the purpose of this "annual ceremony" was to prevent the public from acquiring any rights in the driveway by prescription. It is clear that such acts were consistent with the private rights of both adjoining owners to the use of the driveway and were intended to exclude the general public from the use thereof and were in no sense intended to exclude Caroline Stiegelman's predecessor in title, who himself joined in the act of barricading. To constitute an interruption in use, the blockage must be intended as such and must in fact be effective to accomplish an obstruction. *Margoline v. Holefelder*, 420 Pa. 544, 218 A. 2d 227 (1966). Here there was no obstruction of the use made of the driveway by Caroline Stiegelman's predecessor in title.

Decree affirmed. Costs on appellant.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.