359 A.2d 735

**John T. KEEFER, Appellee,**

v.

**Neva N. JONES et al., Appellants.**

Supreme Court of Pennsylvania.

Argued May 4, 1976.

Decided July 6, 1976.

546

Kenneth F. Lee, Chambersburg, for appellants.

Rudolf M. Wertime, David S. Dickey, Greencastle, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

Appellee and appellants are the owners of adjoining lands in a rural section of Franklin County. Appellee

brought an action in equity inter alia to enjoin the appellants from interfering with his use of a roadway running from a public highway across appellants' land to appellee's land. After an evidentiary hearing, the chancellor entered a decree nisi granting the injunction and ruling that appellee had established an easement or right to use the roadway by prescription. The court en banc, although sustaining one of appellants' exceptions, entered a final decree in favor of the appellee. The appellants appealed.

■ Appellants assert that the evidence presented at trial was insufficient to establish an open, notorious, continuous, uninterrupted, adverse, and hostile use for twenty-one years. Such evidence is essential to prove the right to use the roadway arose by prescription. *Loudenslager v. Mosteller*, 453 Pa. 115, 307 A.2d 286 (1973); *Stiegelman v. Pa. Yacht Club, Inc.*, 432 Pa. 111, 246 A.2d 116 (1968); *Shinn v. Rosenberger*, 347 Pa. 504, 32 A.2d 747 (1943). Specifically, appellants argue the use was not shown to be continuous or adverse. Moreover, appellants argue that use by the public for hunting and fishing should not have been considered because such use was of no benefit to appellee's land. The chancellor found that, although the evidence of use during the immediate past twenty-one years was not sufficient to establish an easement by prescription, the evidence as to the use prior to that time by appellee's predecessors in title, as well as by those claiming the right to use the road under the predecessors in title, and by the public at large was sufficient to support an open, notorious, continuous, uninterrupted, adverse, and hostile use for twenty-one years.

■ Appellants' argument that the use shown was not continuous is predicated on the fact that there is an absence of direct evidence showing a use at various times during the necessary twenty-one year period. Initially, we note that the chancellor's findings, including that of a

continuous use, when confirmed by a court en banc, will not be disturbed on appeal unless such findings are not supported by adequate evidence. *Stewart v. Watkins*, 427 Pa. 557, 235 A.2d 604 (1967); *Sterrett v. Sterrett*, 401 Pa. 583, 166 A.2d 1 (1960). Furthermore, the evidence need not show a constant use in order to establish continuity; rather, continuity is established if the evidence shows a settled course of conduct indicating an attitude of mind on the part of the user or users that the use is the exercise of a property right. Restatement of Property, Servitudes, Chap. 38, § 459(b). See generally, *Zerbey v. Allan*, 215 Pa. 383, 64 A. 587 (1906) and *Shaffer v. Baylor's Lake Ass'n, Inc.*, 392 Pa. 493, 141 A.2d 583 (1958). We believe sufficient evidence of use over a period in excess of twenty-one years was presented to support the finding of continuity and this is particularly so after consideration is made of the nature of the easement asserted and the rural area in which the land involved is located. Cf. *Shaffer v. Baylor's Lake Ass'n, Inc.*, supra.

At trial, evidence showed the right of use instantly asserted involved the use of a roadway in a rural district. Further, one witness testified that the roadway had existed for over one hundred years and was fenced along the sides at various times and in various sections. While gates were erected across the roadway at various times and in various locations, these gates were not locked and never hindered anyone from using the road.

Direct evidence of use by appellee's predecessors in title is substantial. William Johnston, son of a former owner of appellee's land, testified that he lived on appellee's land for five or six years around 1920 and used the road during that time. Moreover, Johnston testified that he continued to use the road for two years after having moved from the land but prior to his father selling it to George Vance from whose estate appellee acquired title

in 1969. Paul Jones testified he used the road while working at a sawmill which processed lumber from both appellee's and appellants' properties in the early 1920's. Robert North testified he used the road while hauling wood from appellee's property in the late 1920's or early 1930's when George Vance owned appellee's property. Velma Vance, daughter of George Vance, testified she drove an automobile over the road beginning in 1939 until about 1953 whenever her father desired to go to his property for hunting or to inspect the property which was then being rented to various persons. Woodrow Palmer testified that he hauled wood for a sawmill that worked both appellee's and appellants' property for two years beginning prior to 1941 and that he lived in the house on appellee's property and used the road in 1941. Appellee testified that he hauled material over the road for John Mellot who ran a sawmill which worked appellee's land in 1953. He also testified that while so working he repaired the road and destroyed a rock dam which had caused difficulty in crossing a stream which intersected the road.

While we recognize that this direct evidence does not establish a constant use between 1920 and 1953,[1] we believe it is sufficient evidence from which the chancellor could find a settled course of conduct for over twenty-one years by appellee's predecessors in title to show a state of mind indicating the use was an exercise of a

1. The direct evidence does not establish a constant use but since both of appellee's predecessors in title were shown by direct evidence to have used the road on numerous occasions and for many years over a thirty-three year period, an inference that they also used it for periods where direct evidence was unavailable might well have been properly drawn by the chancellor. Moreover, cessations in actual use, if the inference were not drawn, "may occur for some period of time, greater or less, without it being possible to show any change in attitude of mind required for continuity of use." Restatement of Property, Servitudes, supra.

right; and thus, the evidence supports a finding of continuity.[2]

Appellants cite *Birnbaum v. Bailey, Banks, & Biddle,* 279 Pa. 286, 123 A. 809 (1924), for the proposition that a failure to produce direct evidence of use for three years during the twenty-one year period is fatal to an asserted right to use by prescription. While we did note in the course of our opinion in *Birnbaum,* supra, that there was an absence of direct proof establishing a use for three years during the crucial twenty-one year period, this was not the crux of our decision. The ruling against the existence of an easement therein was based on the conclusion that the evidence when considered in its entirety was too vague to establish any prescriptive right. Thus, that decision does not support appellants' position because the evidence instantly is not vague but demonstrates a distinct pattern of behavior by appellee's predecessors in title. Moreover, that case is distinguishable because it involved use of an alley in an urban area and realistically a court would and should expect more direct evidence of continuous use in such a case. Cf. *Shaffer v. Baylor's Lake Ass'n, Inc.,* supra.

██ Further, we note that while there is an absence of direct proof showing a use at various times during the necessary twenty-one year period in which the prescriptive right is alleged to have arisen, the evidence does not suggest the use was interrupted during this period. To be interrupted an obstruction must interrupt the actual use and the obstruction must be accompanied

2. We have intentionally refrained from discussing evidence of use for hunting and the like by persons claiming the right of use because the road was public and not because of their relationship with appellee's predecessors in title. We have done so because we conclude sufficient evidence of use by persons claiming a right of use because of their relationship with appellee's predecessors in title exists to support the chancellor's findings. Thus, we need not reach the third issue presented by appellants, mainly, whether the chancellor erred in considering use by the public generally in making his determination that an easement exists.

by an intent to cause an interruption in use. *Margoline v. Holefelder*, 420 Pa. 544, 218 A.2d 227 (1966). No obstruction to use with the requisite accompanying intent was shown instantly. The gates which crossed the road temporarily were never locked and the dam which caused difficulty in crossing the stream was not shown to have been built with the intent of obstructing use.

■ Finally, we recognize that the absence of direct evidence showing use at various times during the crucial period may cause a prescriptive period to cease running, not because the use cannot be then considered continuous, but because the use cannot then be considered open and notorious. Restatement of Property, Servitudes, supra. But we do not think the gaps in direct evidence showing use instantly, given the actual presence of a road for over one hundred years and the amount of direct evidence of use, were sufficient to destroy the ability of the servient owners to reasonably know their possessory rights were being violated.

■■ Lastly, appellants argue that the use made by appellee's predecessors in title was not adverse because the use was permissive. The burden of showing a use began on a permissive basis is on the servient owner. *Loudenslager v. Mosteller*, supra. Instantly, appellants did introduce evidence that tended to establish a permissive use by the public in general and appellee's predecessors in title; but there was other evidence to show the use was adverse and without permission. The question under such circumstances is one of fact, *Margoline v. Holefelder*, supra, and since the record supports a nonpermissive use, the finding to this effect by the chancellor may not be disturbed on appeal. *Stewart v. Watkins*, supra; *Sterrett v. Sterrett*, supra.

Decree affirmed. Each side to pay own costs.