## Brouse v. Hauck

*Joey A. Storaska,* for plaintiffs.
*R. Michael Kaar,* for defendants.

KREHEL, *P.J.,* October 18, 1982—Before the court are plaintiffs' exceptions to the trial judge's opinion of August 12, 1980, wherein defendants' motions for compulsory nonsuit were granted.

This suit is an action to quiet title where plaintiffs are claiming title by adverse possession, or in the alternative an easement by prescription, of a strip of land lying on the north side of defendants' lots.

All of plaintiffs' "specific" exceptions can be grouped into three "main" exceptions, or issues: (I) Procedures; (II) Adverse Possession; and (III) Prescriptive Easement.

### (I) PROCEDURE

The first exception taken by plaintiffs is procedural in nature. Plaintiffs argue that once they filed their complaint alleging possession, the court

should have directed defendants to proceed with an action in ejectment instead of allowing them to file an answer to the complaint. It is true that Pa. R.C.P. 1061(b)(1) provides that an action to quiet title can be brought to compel an adverse party to commence an action in ejectment. Defendants, however, claim that they are in possession and not plaintiffs. It would appear that Rule 1061(b)(1) normally applies where a plaintiff's allegation of present possession lies uncontested by defendant, and because of the contested issue of present possession in this case the proper procedure was followed i.e., continuation with the quiet title action under Pa.R.C.P. 1061(b)(2).

## (II) ADVERSE POSSESSION

Plaintiffs take a second exception to the trial court's finding that the existence of an easement reserved in defendant Lee R. Hauck's deed in favor of others, renders plaintiffs' use of the contested strip of land permissive in nature, thereby falling short of an establishment of all the elements of adverse possession.

After thoroughly reviewing the transcript of the trial and considering plaintiffs' correct assertion that a court may not take judicial notice of a recorded deed, the court must conclude that plaintiffs' case cannot fail on this account.

The only reference to an easement in the testimony was when plaintiff, George F. Brouse, denied having any knowledge of an easement reserved in defendant Lee R. Hauck's deed. No attempt was made to establish the existence of the deed itself and its contents.

This alleged deed was not offered into evidence, and, contrary to defendant's contention, it is ex-

tremely doubtful whether this court has any authority to take judicial notice of a deed — even if recorded. A court cannot take judicial notice of its own records in a case other than the one presently before it, even though the action involves the same parties on the same contract. Naffah v. City Deposit Bank, 339 Pa. 157, 13A.2d 63 (1940).

Our ruling that there is no evidence which tends to show that plaintiffs' use of the land was permissive does not resurrect plaintiffs' case, buried hereinabove. The trial judge also ruled that plaintiffs have failed to meet the "notorious" requirement for adverse possession, and to this plaintiffs take their exception.

It is well known that notorious possession is one of the elements required to establish adverse possession. Burns v. Mitchell, 252 Pa. Super. 257, 262, 381 A.2d 487, 489 (1977). Only acts signifying permanent occupation of the land and done continuously for a 21 year period will confer ownership by adverse possession. Smith v. Peterman, 263 Pa. Super. 155, 397 A.2d 793 (1978). Sporadic use of land, or temporary acts thereon, without an intent to seat and occupy it for residence, cultivation or other permanent use consistent with the nature of the property is not enough to establish ownership by adverse possession. Parks v. Pennsylvania R.R. Co., 301 Pa. 475, 481, 152 Atl. 682, 684 (1930).

With the above principles in mind, we now review the various "acts" done by plaintiffs and their predecessors in title.

Plaintiffs, George F. Brouse and Beverly Z. Brouse, own farmland which is adjacent to, and lies north of, each of the residential lots of defendants Lee R. Hauck and Richard E. and Dorothy E. Ditzler. Lee R. Hauck's land lies west of Ditzlers' lot. There is an unimproved road which runs east and

west between the Brouses' on the north and the Hauck-Ditzlers on the south.

Plaintiffs admit that their deed indicates that they own only to the center of this road, thereby owning by deed the northern half of the road. They are claiming, however, additional ownership by adverse possession of the southern half of the road and a small area running along the south side of the road.

The testimony adduced on behalf of plaintiffs was that from 1945 to about 1963 the road was used for children's play (and to transport farm equipment). Snow on the road was plowed by plaintiffs' predecessor in title during the winter time and in the summer the grass on the southern side of the road was periodically mowed with a tractor.

The only additional factors existing during this 18-year period were a long hedgerow on the south side of the road, and a fence on the north side.

The use of the road for children's play is of little import. We also hold that the use of the road and maintenance thereof was insufficient to establish ownership by adverse possession. The use and maintenance of the road was temporary and periodic in nature, and for plaintiffs' self-interest. It was not a "showing of the flag" to the wide, wide, world, proclaiming a claim.

In Bigham v. Wenschhof, 295 Pa. Super. 146, 441 A.2d 391 (1982), the acts of cutting timber, and later of posting "No Trespassing" notices, expanding a pre-existing gravel driveway and installing a shed, were held to be sporadic and not to signify permanent occupation.

The following acts on a 10-acre parcel were held by the court in Stoltzfus v. Swift, 19 D.&C. 3d 179 (1981), not to constitute adverse possession: allowing cows to pass through to other lands, construction of a fence made of posts and one strand of elec-

trified barbed wire, driving farm equipment through the parcel to farm other lands, the construction of a playhouse by children, and the gathering of firewood from the parcel.

The only additional factor existing during this 18-year period on which plaintiffs in the case at bar rely, is the hedgerow on the south side of the road. Hedgerow, because of their natural "unattended" growth, are of dubious value in helping to establish intentional open and notorious occupation of land. Again, the hedgerow was not a proclamation to the world.

In opposition to all of the above acts by plaintiffs' predecessor, we have his admission that he maintained a fence on the north side of the road. We think this factor contra-indicating permanent occupation, combined with the weak factors indicating such occupation, warrent a sound conclusion by this court that the various acts of plaintiffs' predecessor cannot be deemed the kind of acts required to establish adverse possession.

Turning now to the period from 1963 to 1977, during which the actual plaintiffs owned the adjacent land, we find a few additional acts consisting of the construction of a fence on the south side of the road in 1963 and the grazing of cattle on the land in question. The storage of lumber, equipment, and a hog shed north of Hauck's land, and the occasional riding of horses on the road. Again, was this a "showing of the flag?"

The riding of horses for pleasure and the storage of the various items are but sporadic events and do not indicate an intent to permanently occupy — indeed the very concept of storage is that it is temporary in duration. The seasonal grazing of cattle does not give title by adverse possession. Wheeler v. Winn, 53 Pa. 122, 14 P.L.J. 109, 91 Am. Dec. 186 (1866).

The strongest evidence supporting plaintiffs' claim is the construction of a fence on the south side of the road in 1963. It is true that enclosure by fence may give title by adverse possession. Inn Le'-Daerda, Inc. v. Davis, 241 Pa. Super. 150, 360, A.2d 209 (1976); in the instant case, however, the fence stood only for 14 years before the suit was brought, far short of the requisite 21 years.

## (III) PRESCRIPTIVE EASEMENT

Finally, plaintiffs rightly point out that their claim of an easement by prescription was not ruled upon by the court. Evidence of open, notorious, continuous, uninterrupted, adverse, and hostile use for 21 years is essential to prove an easement by prescription, Keefer v. Jones, 467 Pa. 544, 359 A.2d 7356 (1976). The difference between adverse possession and a prescriptive easement is that prescriptive easements require only the use of land as opposed to possession of land required by adverse possession. Thus, while the acts of plaintiffs and their predecessors may not have been the kind indicating permanent occupation, as required for adverse possession, they may have been sufficient to establish an adverse use required for a prescriptive easement.

Indeed, plaintiffs have presented evidence of continuous use of the road north of defendant Hauck's land for the purpose of transporting farm machinery. Thus, plaintiffs' case cannot be summarily dismissed by compulsory nonsuit on this basis as to the road running north of defendant Hauck's land. Defendant Hauck must now be allowed to present evidence in support of his position.

We note, however, that plaintiffs, in relation to defendant Hauck, have only presented enough evi-

dence to establish an easement to transport farm machinery. Evidence of storage and pasturing on the strip of land shows activity too sporatic in nature and too short in duration to establish an easement to use the land in these ways.

Plaintiffs' evidence tends to establish only an easement to transport farm machinery on the southern portion of the roadbed north of defendant Hauck's land. Because the evidence of storage and pasturing south of the roadbed itself fails to establish as a matter of law an easement for these uses, plaintiffs cannot claim any rights to this narrow portion of land running beside the road. Their evidence is only sufficient to prove an easement on the roadbed itself, not on land south of the roadbed, and even then, only for equipment transportation.

An analysis of the use of the road running north of defendants-Ditzlers' land leads us to a different conclusion. Plaintiffs' predecessor in title did testify that equipment was transported over this portion of the road for a period of 16 years. Plaintiff, George Brouse, however, testified that during the time he and his father owned the farm they had no reason to use the road north of Ditzlers except for occasional mowing (twice a year). He testified that his use of the road was limited to the portion running north of defendant Hauck's land because it was at that point that he turned north to reach the railroad track and other farmlands.

Plaintiffs' only showing was that the road north of defendants Ditzlers was regularly used by plaintiffs' predecessor for a period of 16 years between 1945 and 1961. This clearly falls short of a 21-year continuous use and for this reason we grant defendants Ditzlers' motion for a compulsory nonsuit in regard to plaintiffs' claim of an easement by prescription.

## (IV) CONCLUSION

We conclude by summarizing this court's treatment of the issues as follows:

(1) Defendants Hauck and Ditzlers' motion for nonsuit for failure of plaintiffs to establish title by adverse possession which was granted by the court on August 12, 1980 is affirmed. This motion is affirmed only on the basis that plaintiffs have failed to show the kind of notorious acts signifying permanent occupation of the land. It is not affirmed on the basis of permissive use.

(2) This court is ruling for the first time on defendants Ditzlers' motion for nonsuit for failure of plaintiffs to establish an easement by prescription over their land. The motion is granted.

(3) Finally we are ruling for the first time on defendant Hauck's motion for nonsuit for failure of plaintiffs to establish an easement by prescription.

(A) The motion is granted in part, insofar as plaintiffs have not established as a matter of law an easement by prescription to store equipment or graze cattle on the land in question.

(B) The motion is denied in part, insofar as plaintiffs have presented sufficient evidence to establish an easement by prescription over the roadbed portion only (not over the land south of the roadbed) and only for the purpose of transporting farm equipment on the road running north of defendant Hauck's land. The equity hearing must be reopened to allow defendant Hauck to present evidence to rebutt plaintiffs' case.

Accordingly, we enter the following

## ORDER

And now, this October 18, 1982, pursuant to the opinion of this court en banc,

It is ordered, adjudged and decreed that plaintiffs' exceptions one, three, four, and nine are hereby sustained and exceptions two, five, six, seven, eight and ten are hereby dismissed.