## Bitts v. Hall

*Nancy Balliet,* for plaintiffs.
*Patrick C. O'Donnell,* for defendants.

SMITH, *J.,* August 28, 1985—Plaintiffs have brought this action in equity seeking to enjoin defendants from using part of plantiffs' land as a means of access to defendants' premises. Defendants counterclaim, seeking to establish either title to the land in question by adverse possession, or an easement by prescription.

## FINDING OF FACT

(1) Plaintiffs are the owners of 20 acres on South Birdell Road, Honeybrook Township, Chester County, as described in Chester County Deed Book 0-60, p. 367. The Bitts Property.

(2) Defendants are the owners of two parcels of land on South Birdell Road, Honeybrook Township, The Hall Property, recorded in Chester County Deed Book X-54, p. 18. The first parcel [the main parcel] is five acres and abuts plaintiffs' land. The second parcel [the access parcel] of 31,028 square feet, also abuts plaintiffs' land and provides access from Birdell Road to defendants' main parcel.

(a) The main parcel is an open field with several buildings, a trailer and a pool.

(3) The access parcel meets the main parcel at the northeast corner of the main parcel.

(4) At the northeast corner of the main parcel stands an oak tree.

(5) At the northwest corner of the main parcel stands defendants' barn.

(6) Since 1945 when defendants' predecessors in title purchased the access parcel, there has been an unimproved lane traversing both of defendants' parcels. Upon reaching the northeast corner of the main parcel, the lane swings around the oak tree to the north, (thus encroaching on plaintiffs' land for several square yards) then continues west along the north edge of the main parcel. At the northwest corner, the lane makes a wide turn around the barn, thus encroaching on plaintiffs' land for several more square yards.

(7) Since 1945, the Espenshades, defendants' predecessors in title, have used this lane as the means of access to the rear portion of the main parcel. Access by any other route is impossible in an automobile, due to the steep embankment dropping away from the lane.

(8) In May, 1979, defendants purchased the two parcels from Joseph Espenshade. Since that time they have used the lane as a means of access to the rear portion of the property.

(9) In May, 1983, Hall began to remove some dirt from plaintiffs' land. Mrs. Bitts requested that he stop. This suit followed soon after.

## QUESTIONS PRESENTED

(1) Do defendants have an easement by prescription over the portion of plaintiffs' property adjacent to the northeast and northwest corners of the main parcel?

(2) Does the lane pass through unenclosed woodland within the meaning of the Act of April 25, 1850, 68 P.S. §411, thus barring an easement by prescription?

## DISCUSSION

To establish a right-of-way by prescription, one must show that one's use of the right-of-way is (1) open and notorious, (2) continuous for 21 years, and (3) hostile. Keefer v. Jones, 467 Pa. 544, 359 A.2d 735 (1976). Defendants have established these elements for both disputed protions of plaintiffs' land.

Plaintiffs argue that the second element, continuous use for 21 years, is absent. First, they claim that defendants have no evidence that the dirt lane extended beyond the Espenshades' house (or what now remains of it—a stone wall) for over 21 years. Furthermore, they argue that what evidence exists establishes only isolated, occasional encroachment which does not constitute continuous use.

First, we find that the road to the rear portion of the Defendants' property has so extended for over 21 years. Joseph Espenshade testified that he owned the property since 1967, and has lived on it since the 1920's. He testified that since 1945, when his parents purchased the access parcel, those coming in the lane have gone to the north of the oak tree, have continued past the house, and, upon reaching the northwest corner of the main parcel, have swung around the barn, encroaching on the neighbors' property. He testified that one could enter the property from the south side, but not with an automobile. Harold Gulden, who delivered oil to the property for Mr. Espenshade since the 1950's, testified that the driveway went around the barn ever since he began making deliveries. Plaintiffs offered little testimony contradicting defendants' claim. John Stapleton only testified that he could not remember whether or not there was a car path. Plaintiff, Richard Bitts, said he never saw cars go past the oak tree. Richard Bitts, Jr., who visited the property on rare occasions, could only say that he would

drive as far as the oak tree and then walk to the Espenshades. We find defendants' evidence convincing. Thus, the use extended to the rear corner of the property well beyond 21 years.

Furthermore, the use has been continuous. Daily use is not required to satisfy the continuity element essential to the creation of prescriptive rights. A settled course of conduct indicating an attitude of mind on the part of the user or users that the use is the exercise of a property right is enough to establish continuity. Keefer v. Jones, 467 Pa. 544, 359 A.2d 735 (1976); Minteer v. Wolfe, 300 Pa. Super. 234, 446 A.2d 316 (1982).

Plaintiffs refer to Freedman's Cleaners, Inc. v. Meyers, 34 D.&C.2d 306 (1964) as a case on point, which held that no easement was established. In that case, trucks delivering supplies to plaintiff's dry-cleaning plant, would cut across a small portion of defendant's land in making the sharp turn into the plant. After defendant bought the property, he installed a steel pipe to prevent the trucks from cutting the corner. The court held that the occasional use of a paved portion of defendant's property for cutting corners was not enough to constitute notice to defendant that an easement was being established.

This is destinguishable from the case at bar. Here, defendants' use of the right-of-way was notorious. Plaintiffs were put on notice by the dirt pathway over the two portions of their property. Furthermore, defendants themselves created the easement. In Freedman's Cleaners the users of the plant, not the parties, were the ones who crossed defendant's land.

Finally, plaintiffs argue that an easement cannot be established, as their property constitutes unenclosed woodland. 68 P.S. §411 provides:

"No right of way shall be hereafter acquired by user, where such way passes through unenclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or enclosure." Act of April 25, 1850, P.L. 569, 68 P.S. §411.*

Here, the land surrounding the dirt lane was not woodland within the meaning of the Act. On one side was defendants' land, which lacked trees. As such, the lane does not go *through* woodland. See Minteer v. Wolfe, supra (fence row of trees and brush used to form a boundary line is not woodland within the meaning of the Act of 1850.)

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter.

2. Defendants have established an easement by prescription over the land of plaintiffs.

## DECREE NISI

And now, this August 28, 1985, judgment is entered in favor of defendants and against plaintiffs in no amount. On the counterclaim, judgment is entered in favor of defendants and against plaintiffs, and defendants are awarded an easement over the 10 foot wide lane which crosses plaintiffs' property as described above.

---

*This act, repealed in 1974, was reenacted and given retroactive application to the date of the repeal. Act no. 1981-61 (1981).