OPINION BY
SENIOR JUDGE PELLEGRINI
Wyoming Land Conservancy, Inc. (WLCI), a for-profit company, appeals *913 from an order of the Court of Common Pleas of the 44th Judicial District, Wyoming County Branch (trial court), sustaining the preliminary objections filed by Windham Township (Township) in -response to WLCI’s amended petition for the appointment of a board of viewers- for the purpose of vacating a portion of Cemetery Road or, in the alternative, compensating WLCI for the unlawful taking' of its property. For the reasons that follow, we affirm.
I.
WLCI is the-record owner of certain parcels of property located in Windham Township, Wyoming County, Pennsylvania (Property). A portion of Township Road No. 444, more commonly referred to as Cemetery Road, runs through WLCI’s Property. Cemetery Road begins at Township Road 443, also known as Seottsville Road, proceeds in a southwesterly direction for 2,62 miles, and terminates at an intersection with State Route 4002. Cemetery Road is an unpaved road which passes through WLCI’s Property for a length of 0.93 miles, with WLCI’s Property abutting the road on either side.
WLCI filed its initial petition in the trial court on April 23, 2014. An amended petition (Petition) was filed on July 7, 2014, alleging that the Township condemned WLCI’s private property without just compensation and without the benefit of lawful proceedings. The Petition seeks a hearing to determine whether a condemnation of the Property has occurred, the appointment of a board of viewers pursuant to Section 502(c) of the Eminent Domain Code, 26 Pa.C.S. § 502(c), to view the Property for the purpose of closing off and vacating the portion of Cemetery Road that falls within WLCI’s Property, and an award of just compensation for the taking of the Property. WLCI did not join other individuals who owned and occupied property along the portion of Cemetery Road it was seeking to close to public access.
The Township responded by filing preliminary objections pursuant to Section 504(d) of the Eminent Domain Code[1] asserting that Cemetery Road has existed on WLCI’s Property for at least 145 years as reflected in numerous historic maps and the Petition is barred by the statute of limitations and laches; the Township has maintained Cemetery Road for a period in excess of 21 years and, therefore, is entitled to continue the use of the road pursuant to Section 2307 of the Second Class Township Code;[2] and the Township is enti- *914 tied to a prescriptive easement because Cemetery Road has been used by and open to the public in its current location in excess of 21 years.
Following an evidentiary hearing, the trial court issued an order on September 11,2015, finding that Cemetery Road in its current configuration is a public road. Therefore, the ' trial court sustained'' the Township’s preliminary objections' and dismissed WLCI’s Petition, with prejudice.[3] WLCI appealed[4] and in its 1925(a) opinion, the trial court clarified that the “Township has proven a prescriptive easement with clear and positive evidence.” (Reproduced Record (R.R.) at 13).
II.
On appeal, WLCI argues for the first time that the Township is statutorily foreclosed from acquiring an easement by prescription in Cemetery Road pursuant to Section 21 of the Act of 1850 (Act)[5] because the Property is unenclosed woodlands. This provision of the Act states:
No right of way shall be hereafter acquired by user, where such way passes through unenclosed [sic] woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or enclosure.
68 P.S. § 411. This statute applies equally to private and public prescriptive easements, Sprankle v. Burns, 450 Pa.Super. 319, 675 A.2d 1287, 1289 (1996) (citing Brake v. Crider, 107 Pa. 210 (1884)), and “the character of the land itself, is determinative of the application of the Act of 1850.” Humberston v. Humbert, 267 Pa.Super. 518, 407 A.2d 31, 32 (1979). Our Supreme Court has held that “the, act [of 1850] ... admits of but one meaning, viz. that a right by prescription to a road through unenclosed woodland cannot be obtained.” Minteer v. Wolfe, 300 Pa.Super. 234, 446 A.2d 316, 320-21 (1982) (quoting Kurtz v. Hoke, 172 Pa. 165; 33 A. 549, 550 (1896)).
There are several reasons that the “unenclosed woodlands” argument is unavailable or applicable. First as the- Township correctly points out-the purported issue of whether the road went through “unenclosed woodlands” was not mentioned at any point during the proceedings before the trial court. WLCI is not permitted now to raise the issue for the first time on appeal. See Burkett v. Smyder, 369 Pa.Super. 519, 535 A.2d 671, 673-74 (1988) (“Clearly, the applicability of 68 P.S. § 411 is a defense that should have been advanced during the pre-trial stage of this case. By failing to raise the defense at the appropriate phase, Appellants have effectively waived it for appellate consideration.”) (Citation omitted). Moreover, the issue is waived because WLCI also failed to raise the issue in its 1925(b) statement. See Commonwealth v. Hill, 609 Pa. 410,16 A.3d 484, 494 (2011) (holding “any issues not raised in a Rule 1925(b) statement will be deemed waived”); Lang v. Department of Transportation, 13 A.3d 1043, 1049 (Pa. Cmwlth. 2011).
*915 Second, even if it had been raised and not waived, the “unenclosed woodlands” defense is not available because it is inconsistent with the remedies sought. WCLI filed a Petition both to vacate the road and, in the alternative, for the appointment of viewers to be awarded damages for the taking. In seeking to vacate the road, that remedy presumes that the road in question is already a- public road. 53 P.S. § 67307 only prohibits .the acquiring of a prescriptive easement through “unenclosed woodlands;” it does not have any application where a public road .already exists. As to that portion of WCLI’s Petition alleging a de facto taking by seeking the appointment of viewers so that it can be paid for the taking of the road by the Township, once that Petition is filed, you admit the Township has already taken the road and the only question is how much you should be paid for the taking.
Finally, even if it was not waived and was not inconsistent with the remedies WLCI sought, and if one can get their “head around” the raising of a defense to one’s own Petition, the “unenclosed woodlands” defense against someone claiming a public or private prescriptive easement, as an affirmative defense, was WLCI’s burden to establish that the road was unenclosed woodlands, Understandably, because the defense was not raised and it was inconsistent with the remedies it sought, WLCI did not seek to or meet its burden regarding whether WLCI’s property constitutes woodlands for the purposes of the Act of 1850 or whether the Property is enclosed or unenclosed earlier than the time period, that the Township claimed it was a public road.
III.
WLCI also argues that the record does not support the trial court’s finding of sufficient public use upon which to grant a prescriptive easement. According to WLCI, the evidence submitted by the Township does not show that Cemetery Road was used by the general public uniformly, adversely and continuously for the statutorily-prescribed period of time. We disagree. .
“In order to merit a declaration that a road is public by means of common law prescription, one must show that the public used the road uniformly, adversely and continuously under a claim of right for 21 years.” Morgan v. Richter, 724 A.2d 983, 987 (Pa. Cmwlth. 1999) (citing Steivart v. Watkins, 427 Pa. 557, 235 A,2d 604 (1967)). Although public use does not mean use by every member of the community, it is not made out by use of a road merely by those having business with the establishments to which the road provides access. Southeastern' Pennsylvania Transportation Authority (SEPTA) v. Pennsylvania Public Utility Commission, 505 A.2d 1046, 1049 (Pa. Cmwlth. 1986). Moreover, “[t]he use must-be by the public in general, as against a limited segment of the public.” Id. (citation omitted). “[T]he evidence need not show a constant use in order to establish continuity; rather, continuity is established if the evidence shows a settled course of conduct indicating an attitude of mind on the part of the user or users that the use, is the exercise of a property right.” Minteer, 446 A.2d at 319 (quoting Keefer v. Jones, 467 Pa. 544, 359 A.2d 735, 737 (1976)).
In this case, Robert Doble (Doble) testified as an expert in civil engineering. Do-ble conducted an evaluation of the road condition of Cemetery Road and reviewed the following maps and surveys depicting Cemetery Road: an 1869 historic map which hangs in the Wyoming County Courthouse; a 1912 map .of Windham Township; maps from the Pennsylvania Department of Transportation (PennDOT) *916 dated from 1987 and 2012; and a survey prepared by Milnes Engineering. Doble testified that the 2012 PennDOT map depicted Cemetery Road in a virtually identical manner as the 1869 map and, therefore, he opined that the roads were the same. In addition, Doble testified that he viewed corrugated metal pipes on Cemetery Road that were deteriorating, leading him to opine that the pipes had been on the road for more than 21 years.
Chris Donahue (Donahue) testified that he has utilized Cemetery Road for various purposes since moving to the area 54 years ago, and that he witnessed his father, a Township supervisor, repairing and maintaining the roadway. Donahue witnessed the Pennsylvania State Police utilize Cemetery Road to patrol within the Township. Donahue never asked WLCI for permission to utilize Cemetery Road.
Reynold Wilson, Jr. (Wilson) owns property on Cemetery Road and is the President of the Cemetery Road Hunting Club, which owns property abutting that owned by WLCI. Wilson testified that he has been going to his land and the hunting club for more than 21 years, he has utilized Cemetery Road for moving farm equipment, and has witnessed others utilize the road for horseback riding.
Michael Stabinsky (Stabinsky), a Township supervisor and former trooper with the Pennsylvania State Police, testified that he patrolled Cemetery Road from the 1980s through the early 2000s. He testified that he regularly travels the road and that the Township has always maintained the roadway. As Township supervisor, Stabin-sky and the roadmaster conferred to plan and execute road maintenance on Cemetery Road.
Gloria Milliron (Milliron), the Township’s secretary and treasurer since 1972, testified that she is involved with Township roads as it pertains to budgeting, keeping minutes as to what roads will be repaired, and occasionally riding Township roads for inspections. The Township receives allocated funds for PennDOT-ap-proved roads once a year and such allocation often requires that PennDOT inspect the roads. Milliron testified that Cemetery Road has been included in this allocation from PennDOT since the 1930s. Milliron herself has utilized Cemetery Road since 1961, has never seen it closed to public use, and testified that the location of the road has not changed.
Finally, Jason Vandermark, a Township supervisor and roadmaster whose responsibilities include overseeing maintenance of the roads, testified that the Township conducts winter maintenance on Cemetery Road, has graded the road, completed brush cutting and filled potholes, and completed all other normal road maintenance on Cemetery Road.
We agree with the tidal court that the Township presented clear and positive evidence of public use of Cemetery Road to warrant the declaration of a prescriptive easement. It is well-settled that day-to-day use is not required to satisfy the elements necessary for creation of a prescriptive easement. Minteer, 446 A.2d at 321 (citing Adshead v. Sprung, 248 Pa.Super. 253, 375 A.2d 83, 85 (1977)). The Township’s five witnesses were not all individuals owning property or having business along Cemetery Road, but were representative of the broader population. The record demonstrates a settled course of conduct among the Township’s representative witnesses that their use of Cemetery Road was the exercise of a property right. The witnesses described more than an occasional trespass, and the public use they testified to was substantial rather than casual. See SEPTA, 505 A.2d at 1049 (citations omitted). Therefore, the trial court’s finding of sufficient public use to warrant a prescrip *917 tive- easement is supported by competent evidence.
Accordingly, the order of the trial court is affirmed.
ORDER
AND NOW, this 15th day of November, 2016, it is ordered that the order of the Court of Common Pleas of the 44th Judicial District, Wyoming County Branch in the above-captioned matter dated September 11, 2015, is hereby affirmed.

. 26 Pa.C.S. § 504(d). Section 504(d) provides, in pertinent part:
(d) Preliminary Objections.—
(1) Any objection to the appointment of viewers may be raised by preliminary objections filed within 30 days after receipt of notice of the appointment of viewers.
(2) Objections to the form of the petition or the appointment or the qualifications of the viewers in any proceeding or to the legal sufficiency or factual basis of a petition filed under section 502(c) (relating to petition for appointment of viewers) are waived unless included in preliminary objections.
Id. "Preliminary objections are the exclusive method under the Eminent Domain Code of raising legal and factual objections to a petition for appointment of viewers which alleges a de facto taking” or compensable injury. German v. City of Philadelphia, 683 A.2d 323, 325 n.5 (Pa. Cmwlth. 1996) (citing Holmes Protection of Pittsburgh, Inc. v. Port Authority of Allegheny County, 90 Pa.Cmwlth. 342, 495 A.2d 630 (1985), appeal denied, 531 Pa. 657, 613 A.2d 562 (1992)).

. Act of May 1, 1933, P.L. 103, as amended, 53 P.S. § 67307. Section 2307(a) provides, in pertinent part, that "[ejveiy road which has been used for public travel and maintained and kept in repair by the township for a period of at least twenty-one years is a public road having a right-of-way of thirty-three feet even though there is no public record of the *914 laying out or dedication for public use of the road.” 53 P.S. § 67307(a).

. The trial court also vacated the prior orders of October 20, 2008, and April 23, 2014,' in an ancillary matter filed by WLCI, which had appointed a board of viewers for the Property.

. Our scope of review is limited to determining whether the trial court committed an error of law and whether findings are supported by competent evidence. German, 683 A.2d at 326.

.Act of April 25, 1850, P.L.- 569, repealed and reenacted and amended by the Act of July 1, 1981, P.L, 198, 68 P.S, § 411.