# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Russell D. Dysert, Karen K. Dysert, : 
Joseph Klick, Jayne Klick, Michael : 
Macklin and Lori Macklin :
:
v. : No. 38 C.D. 2021
: ARGUED: October 18, 2021
Robinson Township, Washington :
County :
:
Appeal of: Russell D. Dysert, Karen :
K. Dysert, Michael Macklin and Lori :
Macklin :

BEFORE: HONORABLE P. KEVIN BROBSON, President Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED: December 22, 2021

Appellants Russell D. Dysert, Karen K. Dysert, Michael Macklin, and Lori Macklin appeal from the Court of Common Pleas of Washington County's (Common Pleas) December 22, 2020 order,[1] through which, in relevant part, Common Pleas sustained Appellee Robinson Township, Washington County's (Township) preliminary objections to a petition for appointment of a board of viewers (Petition) filed by Appellants, Joseph Klick, and Jayne Klick (collectively, Landowners), on the basis that the Petition was barred by the pertinent statute of limitations.[2] The Township has also filed an application to strike certain exhibits that

---

[1] Common Pleas' order is dated December 18, 2020, but was not mailed to the parties until four days later.

[2] The Klicks are not participating in this appeal.

are attached to Appellants' brief (Application), in which it argues that those exhibits are *dehors* the record from below and, therefore, should not be considered on appeal. After thorough review, we grant the Application and affirm Common Pleas' December 22, 2020 order.

## I. Background

This marks the second time we have considered this matter, which has returned to us after we remanded it in part to Common Pleas in March 2020, so that Common Pleas could hold a hearing and make certain factual determinations. As previously recounted by our Court in *Dysert v. Robinson Township, Washington County* (Pa. Cmwlth., No. 260 C.D. 2019, filed Mar. 9, 2020) (*Dysert I*),

> Landowners and the Township [have been] involved in two separate actions before [C]ommon [P]leas relating to the ownership and status of Rita Drive, the disputed property: a declaratory judgment action and [an] eminent domain action.
>
> *A. Declaratory Judgment Action*
>
> On June 11, 2018, the Township filed with [C]ommon [P]leas a complaint for declaratory judgment against Landowners (Declaratory Judgment Action). In its Declaratory Judgment Action, the Township asserted that it has continuously maintained Rita Drive in excess of 21 years and sought an order declaring that Rita Drive is a public road pursuant to Section 2307 of The Second Class Township Code [(Township Code)].[2] Section 2307(a) provides:
>
>> [e]very road which has been used for public travel and maintained and kept in repair by the township for a period of at least twenty-one years is a public road having a right-of-way of thirty-three feet even though there is no public record of the laying out or dedication for public use of the road.
>
> 53 P.S. § 67307(a). The Township alleged that Rita Drive is, and always has been, a public road that the Township has maintained, despite Landowners' recent

2

representations to the Township otherwise. Declaratory Judgment Action Complaint. Compl. ¶¶4, 16. [Through the Declaratory Judgment Action, t]he Township sought . . . a judgment "confirming that Rita Drive is a public road in accordance with the . . . Township Code, 53 P.S. § 67307." *Id.*, Wherefore Clause.

[2] Act of May 1, 1933, P.L. 103, *as amended*, added by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67307.

*B. Petition*

While the Declaratory Judgment Action was pending, Landowners filed the Petition on August 6, 2018, [asking] [C]ommon [P]leas to appoint a board of viewers to determine whether the Township had effectuated a *de facto* taking of Rita Drive and, if so, to determine just compensation. Landowners averred in the Petition as follows. The Dyserts own land that Rita Drive bifurcates, the Macklins own property north of Rita Drive and rely upon Rita Drive for access to a public right-of-way, and the Klicks also own property to the north of Rita Drive. Petition ¶¶1, 3, 6-7, 9-10. There is no public record of dedicating Rita Drive for public use, there was no formal vote for such purpose, and there has never been an exercise of *de jure* power of eminent domain with regard to Rita Drive. Rather, "Rita Drive is a dead-end cart[ ]path[,] the sole function of which is to provide exclusive access to a public right-of-way" for the surrounding properties. *Id.* ¶17. Rita Drive has never been opened to or used by the public, which divested the Township of any right it may have had to use Rita Drive as a public road. Rita Drive is currently 11-feet-wide. However, Section 2307 necessitates that the road be 33-feet-wide if it is declared a public road. Although the Township has alleged in its Declaratory Judgment Action that it has acquired 33 feet of land comprising Rita Drive, it has never filed a declaration of taking or otherwise acquired title thereto.

Landowners further alleged as follows. The Township's "continuous use, expansion, and improvement" of Rita Drive for "non-residential[] public purposes has destroyed the use and enjoyment of all, or the portion of the alleged 33[-foot] right-of-way within and beyond the existing"

3

Rita Drive, which has resulted in injury and damages to Landowners. *Id.* ¶31. The Township's actions fall squarely within its eminent domain power. Accordingly, Landowners "seek just compensation for the period of July 1996 to July 2017 in which" the Township appropriated Rita Drive as a public road, "in the event that [Common Pleas] should determine [in the Declaratory Judgment Action] that Rita Drive became a public road" pursuant to Section 2307. *Id.* ¶37. Alternatively, if [C]ommon [P]leas determines that Rita Drive is not a public road pursuant to Section 2307, Landowners seek "just compensation reflecting a taking in perpetuity . . . resulting from [the Township's] admitted confiscation of Rita Drive for public use as the Township alleged in its Declaratory Judgment Action. *Id.* ¶38. Therefore, Landowners [asked C]ommon [P]leas [to] appoint a board of viewers to determine "whether a *de facto* taking has occurred" and, if so, what just compensation was due. *Id.*, Wherefore Clause (emphasis omitted). By order dated August 6, 2018, [C]ommon [P]leas appointed a board of viewers to "view the premises and to ascertain and assess such damages as [it] may find to have been caused to [Landowners]." Reproduced Record (R.R.) at 14a.

### *C. The Township's* [*Preliminary Objections*]

The Township filed a motion to stay the Board of Viewer[s] proceedings and subsequently filed its [preliminary objections] on September 26, 2018, asserting three separate grounds for objection to the Petition: (1) pendency of a prior action; (2) demurrer or legal insufficiency of the Petition; and (3) demurrer based upon the statute of limitations. With regard to the pendency of a prior action, the Township asserted that, pursuant to Rule 1028(a)(6) of the Pennsylvania Rules of Civil Procedure, Pa. R.[Civ.]P.[]1028(a)(6), allowing [preliminary objections] to be filed on the grounds of "pendency of a prior action or agreement for alternative dispute resolution," the Petition should be dismissed because the Declaratory Judgment Action then pending before [C]ommon [P]leas[3] would have a direct impact on the relief Landowners seek in the Petition. The Township further asserted that the Petition was legally insufficient because Landowners did not allege sufficient facts of their

4

ownership interests or facts to establish a taking, as they do not allege that they are fee simple owners of the land upon which Rita Drive rests but aver that Rita Drive is north of their land or "appears" to bifurcate it. [Preliminary Objections] ¶ 17. Finally, the Township argued that the Petition was legally insufficient because it was filed after the statute of limitations had run. If the Township's actions could be considered a taking, the Township asserted that the six-year statute of limitations for a takings claim began to run on July 8, 1996, when the Township entered onto portions of Rita Drive and paved it. For the foregoing reasons, the Township asserted, the Petition should be dismissed.

> [3] We take judicial notice that by Opinion and Order dated December 3, 2019, [C]ommon [P]leas determined in the Declaratory Judgment Action that all but a portion of Rita Drive is a public road pursuant to Section 2307. *See Lycoming [Cnty.] v. Pa. [Lab. Rels.] Bd.,* 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007) (a court can take judicial notice of judgments and pleadings in other court proceedings, particularly where the proceedings involve the same parties).

*D. Common [P]leas' Order*

The parties briefed the [preliminary objections] and oral argument was held. Upon consideration, [C]ommon [P]leas entered the following Order:

> 1. [The Township's preliminary objection] relating to the pendency of a prior action is OVERRULED, inasmuch as we believe Pa. R.[Civ.]P.[]1028([a])(6) does not apply to a petition brought under the Eminent Domain Code[4] for appointment of viewers. Even if our view [was] otherwise, we agree with [Landowners'] position that the objection of the pendency of a prior action is not applicable, as the same rights are not asserted and the same relief is not sought in the two actions.

> 2. [The Township's preliminary objection] relating [to] the legal insufficiency of [Landowners'] pleading, *i.e.*, that there has been no exercise of eminent domain and that no taking has been averred is OVERRULED. We agree with [Landowners']

5

position that averments of the Petition are sufficient to state a cause of action for a de[]facto taking.

3. [The Township's preliminary objection] relating to the statute of limitations is OVERRULED.

Order. The Township appealed and, at [C]ommon [P]leas' direction, filed a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa. R.A.P. 1925(b), asserting that [C]ommon [P]leas erred in overruling the [preliminary objections] and in ruling upon them at all prior to conducting an evidentiary hearing. Common [P]leas subsequently issued its Rule 1925(a) opinion[, in which it] relied upon its reasoning in the Order to support its determination as to the [preliminary objection] for the pendency of a prior action. With regard to demurrer for legal insufficiency, [C]ommon [P]leas explained that the averments were sufficient to state a cause of action for a de facto taking, acknowledging "that a hearing is necessary so a judicial determination of whether a taking actually occurred can be made." Rule 1925(a) Opinion at 1-2 (citing Friedman v. City of [Phila.], 503 A.2d 1110 (Pa. Cmwlth. 1986)). Finally, with regard to the statute of limitations, [C]ommon [P]leas stated that it agreed with Landowners that the statute of limitations began to run in June 2017 when the Township declared Rita Drive a public road, "or at the latest, when [the Township] filed the [D]eclaratory [J]udgment [A]ction." Id. at 2.

[4] 26 Pa. C.S. §§ 101-1106.

*Dysert I*, slip op. at 2-7, 2020 WL 1130764, at *1-*3 (some punctuation omitted).

The Township appealed Common Pleas' Order to our Court and we subsequently affirmed the Order in part and vacated it in part. We concluded that Common Pleas had properly overruled the Township's pendency of a prior action preliminary objection, but had erred by overruling the Township's legal insufficiency preliminary objection. *Id.* at 7-19, 2020 WL 1130764, at *3-*8. Specifically, we noted that Common Pleas had never held the legally mandated evidentiary hearing but had nevertheless determined that the Township had effected

6

a *de facto* taking of Rita Drive. *Id.* at 14-19, 2020 WL 1130764, at \*6-\*8. We also concluded that Common Pleas had erred by overruling the Township's statute of limitations preliminary objection because, without an evidentiary hearing and appropriate factual findings, it could not be said with certitude whether a *de facto* taking had occurred or, assuming that it had, when the statute of limitations on challenging that taking had begun to run. *Id.* at 19-21, 2020 WL 1130764, at \*8-\*9. Accordingly, we affirmed Common Pleas' Order as to the pendency of a prior action preliminary objection, but vacated it as to the legal sufficiency and statute of limitations preliminary objections, and remanded the matter to Common Pleas with instructions that it hold an evidentiary hearing regarding those preliminary objections. *Id.* at 21-22, 2020 WL 1130764, at \*9.

Common Pleas then convened that hearing on July 22, 2020, during which the parties collectively stipulated to use of the evidentiary record from the Declaratory Judgment Action as the record for the Petition Action, in lieu of holding additional hearings and creating an entirely new record before Common Pleas. Common Pleas Op., 12/22/20, at 2. That same day, Appellants withdrew their post-trial motions in the Declaratory Judgment Action, thereby giving up their ability to appeal Common Pleas' December 3, 2019 order and rendering it final. R.R. at 265a. On December 22, 2020, Common Pleas ruled that, based upon this jointly stipulated record, the Township had effected a *de facto* taking of Rita Drive, but that Landowners had waited too long to file their Petition challenging that taking. Common Pleas Op., 12/22/20, at 2-4. Common Pleas came to this conclusion for two reasons. First, Common Pleas credited the testimony of Gerald Runtas, who had been a road supervisor for the Township between 1974 and 2005, and determined, on the basis of his testimony, that Rita Drive had been treated as a public road starting in 1974.

7

*Id.* at 3. Second, Common Pleas held that Appellants were put on notice regarding the public status of Rita Drive no later than 1997 and 1998, when the Dyserts and Macklins first purchased their respective properties, as the deeds for their properties described Rita Drive as a public road. *Id.* at 4. In light of these conclusions, Common Pleas determined that Rita Drive had become a public road in 1995, pursuant to Section 2307 of the Township Code, and that Appellants were consequently required to challenge that *de facto* taking no later than an unspecified date in 2001, per 42 Pa. C.S. § 5527(a)(2).[3] As a result, Common Pleas overruled the Township's legal insufficiency preliminary objection, but sustained the Township's statute of limitations-based preliminary objection, and dismissed the Petition with prejudice due to its lack of timeliness. *Id.* at 4-5.

Appellants subsequently appealed Common Pleas' December 22, 2020 order to our Court on January 15, 2021. Thereafter, Appellants submitted an appellate brief to our Court, which, in addition to presenting their legal argument, contained three attached exhibits that are described as follows: Appendix A (Trial Court Opinion and Order); Appendix B (Township's Comprehensive Plan and Resolution); and Appendix C (Township's Liquid Fuels Map). *See* Appellants' Br. at ii, Apps. A-C. On July 7, 2021, the Township filed its Application, in which it asserted that both Appendix B and Appendix C should be stricken, in addition to all references thereto in Appellants' Brief, due to the fact that neither item had been part of the jointly stipulated record that had been presented to, and considered by, Common Pleas. Application at 1-3; *see* Township's Br. at 21-26. Appellants responded in opposition

---

[3] This law states: "[i]f the condemnor has not filed a declaration of taking, a petition for the appointment of viewers for the assessment of damages under [the Eminent Domain Code, 26 Pa. C.S. §§ 101-1106,] must be filed within six years from the date on which the asserted taking, injury or destruction of the property occurred or could reasonably have been discovered by the condemnee." 42 Pa. C.S. § 5527(a)(2).

8

to the Application on July 13, 2021; as such, both the appeal and the Application are ready for our consideration.

## II. Discussion

### A. Application

First, we address the Township's Application. To reiterate, the Township argues that we should strike Appendix B and Appendix C, and all references made by Appellants to those appendices in their brief, as these appendices were not included in the jointly stipulated record presented to Common Pleas. *Id.* Appellants do not dispute that those appendices are *dehors* the jointly stipulated record. Nevertheless, they maintain that we should judicially notice them pursuant to Section 6107(a) of the Judicial Code[4] or Pa. R.E. 201,[5] and consider them for

---

[4] This law states that "[t]he ordinances of municipal corporations of this Commonwealth shall be judicially noticed." 42 Pa. C.S. § 6107(a).

[5] This rule of evidence reads as follows:

    (a) *Scope*. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
    (b) *Kinds of Facts That May Be Judicially Noticed*. The court may judicially notice a fact that is not subject to reasonable dispute because it:
        (1) is generally known within the trial court's territorial jurisdiction; or
        (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
    (c) *Taking Notice*. The court:
        (1) may take judicial notice on its own; or
        (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
    (d) *Timing*. The court may take judicial notice at any stage of the proceeding.
    (e) *Opportunity to Be Heard*. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature

**(Footnote continued on next page…)**

purposes of our disposition of this matter, as both are official government documents that contain what can either be deemed legislative facts or facts beyond reasonable dispute showing that the Township considered Rita Drive to be a private road. Appellants' Br. at 40-48; Appellants' Response to Application ¶¶6-18. Appellants further clarify that they

> are not asserting these documents as a conclusive determination of the *truth* of these official representations that Rita Drive is a private road; to the contrary, the maps [contained in the challenged appendices] could be legally incorrect. However, what cannot be disputed is that had [Appellants] made an exhaustive inquiry as to whether Rita Drive was public or private, they would have been reliably put on notice by these official documents that Rita Drive was regarded *by the Condemnor*[, *i.e.*, the Township,] as a private road.

Appellants' Response to Application ¶14 (emphasis in original).

> These reliable and official sources reasonably supersede the cryptic and uncorroborated deed reference and vague, generalized testimony relied upon by the Township. [Common Pleas] erred in holding [Appellants] to a much higher standard of what "***could reasonably have been discovered***" than it holds the Township with regard to its own documents. [Appellant] Russell Dysert was a Township Supervisor when the Comprehensive Plan was adopted in 2012 and the Township has not modified the Comprehensive Plan since. [Appellants] reasonably relied or could have reasonably relied upon the well-vetted, and formally adopted Comprehensive Plan which expressly represents that Rita Drive is a private road. [Appellants] would have been foolish to disregard the official maps of the Township in favor of an indeterminate, inconsistent

---

> of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.
>
> (f) *Instructing the Jury*. The court must instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

Pa. R.E. 201.

10

deed reference and, therefore, any finding to the contrary that [Appellants] exercised reasonable diligence is an error of law.

Appellants' Br. at 48 (emphasis in original).

In doing so, however, Appellants misperceive both the limited scope of our appellate standard of review and our ability to take judicial notice of the challenged appendices. Section 504(d) of the Eminent Domain Code provides the following direction regarding how a court of common pleas must handle preliminary objections to a petition to appoint a board of viewers:

(1) Any objection to the appointment of viewers may be raised by preliminary objections filed within 30 days after receipt of notice of the appointment of viewers.

(2) Objections to the form of the petition or the appointment or the qualifications of the viewers in any proceeding or to the legal sufficiency or factual basis of a petition filed under section 502(c) (relating to petition for appointment of viewers) are waived unless included in preliminary objections.

(3) An answer with or without new matter may be filed within 20 days of service of preliminary objections, and a reply to new matter may be filed within 20 days of service of the answer.

(4) The court shall determine promptly all preliminary objections and make any orders and decrees as justice requires.

(5) If an issue of fact is raised, the court shall conduct an evidentiary hearing or order that evidence be taken by deposition or otherwise, but in no event shall evidence be taken by the viewers on this issue.

26 Pa. C.S. § 504(d). The courts of common pleas are thus the factfinders regarding preliminary objections to such petitions; it follows, then that "[q]uestions of credibility and conflicts in the evidence presented [in these matters] are for the [court of common pleas] to resolve." *Denes v. Pa. Tpk. Comm'n*, 689 A.2d 219, 222 (Pa.

11

1997). "Appellate review in an eminent domain case is limited to a determination of whether the trial court abused its discretion or committed an error of law, and whether the findings of fact are supported by substantial evidence." *Id.* "Substantial evidence is such relevant evidence as a reasonable person would consider adequate to support a finding." *Bouch v. State Ethics Comm'n*, 848 A.2d 1078, 1080 (Pa. Cmwlth. 2004). "If sufficient evidence supports the trial court's findings as factfinder, they should not be disturbed." *Denes*, 689 A.2d at 222. More generally,

> [a]n appellate court is limited to considering only those facts that have been duly certified in the record on appeal. *City of Pittsburgh* [*Comm'n*] *on* [*Hum. Rels.*] *v. DeFelice*, 782 A.2d 586, 593 n. 10 (Pa. Cmwlth. 2001). For purposes of appellate review, that which is not part of the certified record does not exist. *Id.* Documents attached to a brief as an appendix or reproduced record may not be considered by an appellate court when they are not part of the certified record. *Stabler Dev*[.] *Co*[.] *v.* [*Bd.*] *of Supervisors of Lower Mt. Bethel* [*Twp.*], 695 A.2d 882, 887 n. 5 (Pa. Cmwlth. 1997) . . . . "[I]t is the responsibility of the appellant to supply this Court with a complete record for purposes of review. The failure by an appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue(s) sought to be examined." *Salameh v. Spossey*, 731 A.2d 649, 658 (Pa. Cmwlth. [1999]) . . . (citation omitted).

*B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012).

Appellants' judicial notice request is thus problematic for two reasons. First, they offer no explanation as to why they did not ask *Common Pleas* to take judicial notice of the Comprehensive Plan and Resolution or the Liquid Fuels Map, or why they did not seek to add these items to the record below via agreement with the Township or through leave from Common Pleas. *See Thomas v. Grimm*, 155 A.3d 128, 134 (Pa. Cmwlth. 2017) (appellate court cannot take judicial notice of facts in

document that is not in the record if appellant could have, but did not, ask trial court to take such notice). Second, by seeking judicial notice at this stage, Appellants effectively ask us to add those items to the record from below, reweigh the combined materials, and make factual findings of our own regarding when they could have reasonably discovered the Township's *de facto* taking of Rita Drive. To accede to that request would undoubtedly contravene our aforementioned standard of review and improperly discard a portion of Common Pleas' factual determinations. Consequently, we grant the Application and strike Appendix B and Appendix C from Appellants' Brief, as well as all references thereto in the body of Appellants' Brief itself.

## B. Appeal

With that resolved, we now turn to the remaining arguments raised by Appellants, which we restate as follows. First, Common Pleas' determination that Rita Drive has been a public road since 1974 is not supported by substantial evidence. Appellants' Br. at 22-37.[6] Second, Common Pleas' determination that the

---

[6] The Township argues that Appellants are collaterally estopped by virtue of Common Pleas' adjudication of the Declaratory Judgment Action, as well as admissions made by Appellants' counsel in that matter, from arguing in this case that Rita Drive was not a public road as of 1974. *See* Township's Br. at 17-20.

> Collateral estoppel or issue preclusion prohibits the re-litigation of questions of law or issues of fact that have already been litigated and determined by a final judgment. . . . Collateral estoppel prohibits re-litigation where: (1) the legal or factual issues are identical; (2) they were actually litigated; (3) they were essential to the judgment; and (4) they were material to the adjudication. A prerequisite to the application of collateral estoppel is that the prior decision asserted to have preclusive effect must be a final judgment.

*Duvall v. Dep't of Corr.*, 926 A.2d 1220, 1224 (Pa. Cmwlth. 2007) (internal citations omitted). This argument, however, misapprehends the effect of the Declaratory Judgment Action, as well as the substance of counsel's admissions. With regard to the first issue, we can come up with no better
**(Footnote continued on next page…)**

language used in Appellants' deeds should have put them on notice that Rita Drive was considered a public road is not supported by substantial evidence. *Id.* at 48-53. Finally, Appellants could not have discovered through reasonable diligence that the Township's *de facto* taking by prescription was of a 33-foot-wide swath of property along Rita Drive, as the portions of that road that were heretofore owned by Appellants are 11-feet-wide and there is no evidence that the Township ever maintained or improved the remaining width. *Id.* at 53-55.

With regard to the first issue, the standard for determining whether a road has been made public under the Township Code has been established through both statute and case law. Per Section 2307 of the Township Code,

> (a) Every road which has been used for public travel and maintained and kept in repair by the township for a period of at least twenty-one years is a public road having a right-of-way of thirty-three feet even though there is no public record of the laying out or dedication for public use of the road.

---

explanation for why collateral estoppel does not apply than how the Township itself described the situation to Common Pleas in its Response to Appellants' Brief on Issues to be Decided on Remand:

> [Common Pleas] has already decided that Rita Drive is a public road pursuant to Section 2307 [of the Township Code] through its order in the Declaratory [Judgment] Action. Post-trial motions were withdrawn by [Appellants] and that decision was not appealed. Therefore, for purposes of this eminent domain proceeding, there has been a final judgment . . . on the issue that Rita Drive is a public road[.] . . . It is now for [Common Pleas] to determine when the period of public use and maintenance of Rita Drive began.

R.R. at 864a. Thus, the question that is before us (and was before Common Pleas), regarding the statute of limitations, is different from that which was answered through the Declaratory Judgment Action. As to the second issue, Appellants' counsel admitted that Rita Drive was a public road, but never admitted to *when* it attained that status. *See* R.R. at 273a-92a. Those admissions consequently have no preclusive effect upon Appellants' ability to dispute when exactly the statute of limitations began to run.

14

(b) In any proceeding pursuant to this section, any relevant oral or documentary evidence of public travel or maintenance and repairs by the township shall, if presented, be considered, including, but not limited to:

(i) Maps or surveys which are either generated by any governmental unit or are created pursuant to any judicial proceeding of the courts of this Commonwealth.

(ii) Evidence concerning the distribution of government funds to the township pursuant to the act of June 1, 1956 (1955 P.L. 1944, No. 655), [*as amended*, 72 P.S. §§ 2615.1-2615.10,] referred to as the "Liquid Fuels Tax Municipal Allocation Law."

(iii) Approved subdivision plans, deeds or other documents containing a designation of the road as either a township road or otherwise.

(iv) Evidence that the road is an extension from a public road or public cul-de-sac, a throughway between other municipal or State roads or provides the only access to a municipal boundary line.

(v) Court orders, decisions, findings of fact or other matters of judicial record relating to public or private rights in the road.

(c) For purposes of this section:

(i) The frequency of use of a road may be considered relevant in any proceeding pursuant to this section, but, in the absence of additional findings on the purpose of such use, shall not alone be sufficient to establish that the road has been used for public travel.

(ii) The condition or sufficiency of the road surface for public travel may be considered relevant in any proceeding pursuant to this section, but, absent additional findings of actual public maintenance and repair, shall not alone be sufficient to establish maintenance and repair by the township.

(d) Nothing in this section shall be construed as affecting the weight or persuasiveness of any evidence presented in accordance with subsection (b) or the relevance of any

evidence presented except as otherwise provided in this section.

(e) In any proceeding in which this section is relied upon to allege the existence of a public road, the proponent of the public status of the road shall present evidence first, and the burden shall then shift to the opponent to present evidence to refute the public status of the road.

53 P.S. § 67307. Thus, by statute, a road can only become public where there is evidence that, for at least 21 years, it has been maintained by the municipality in which it is situated *and* has been used for travel by the general public. *Id.* Beyond these statutory parameters, we have elaborated via case law about what constitutes the level of public use necessary to allow for a road to be deemed public.

Although public use does not mean use by every member of the community, it is not made out by use of a road merely by those having business with the establishments to which the road provides access. [*Se. Pa. Transp. Auth. v. Pa.*] *Public Util*[.] *Comm*[*'n*], 505 A.2d 1046, 1049 (Pa. Cmwlth. 1986). Moreover, "[t]he use must be by the public in general, as against a limited segment of the public." *Id.* (citation omitted). "[T]he evidence need not show a constant use in order to establish continuity; rather, continuity is established if the evidence shows a settled course of conduct indicating an attitude of mind on the part of the user or users that the use is the exercise of a property right." *Minteer* [*v. Wolfe*], 446 A.2d[ 316,] 319 [(Pa. Super. 1982)] (quoting *Keefer v. Jones*, . . . 359 A.2d 735, 737 ([Pa.] 1976)).

*In Re Petition for Appointment of Bd. of Viewers*, 149 A.3d 911, 915 (Pa. Cmwlth. 2016).

For the first prong of this test, Common Pleas' determination that the Township maintained Rita Drive continuously from 1974 onwards is supported by substantial evidence. As noted above, Common Pleas found Gerald Runtas to be credible with regard to his testimony on this point. In relevant part, Runtas stated that he was a Township supervisor between 1974 and 2010, during which time he

supervised and was involved in road maintenance throughout his municipality, including repair projects and snow plowing. Runtas attested to the fact that, during the entirety of his time as a supervisor, he and his crews did such maintenance on Rita Drive because, in his opinion, it was a public road. *See* R.R. at 437a-47a. Given the thoroughness of Runtas' testimony, we conclude that Common Pleas did not abuse its discretion by ruling that the Township began continuously maintaining Rita Drive starting in 1974.

Similarly, regarding the second prong of the test, Common Pleas' determination that the *public* has used Rita Drive from 1974 onwards is supported by substantial evidence. During the course of his testimony, Runtas recounted that he had seen delivery trucks, garbage trucks, utility trucks, and private vehicles travelling along Rita Drive over the years. *See id.* at 447a-49a. His testimony provides sufficient grounds for a conclusion that the public's use of Rita Drive occurred through the same time period as the continual governmental maintenance of the roadway. Accordingly, we conclude that Common Pleas did not abuse its discretion by determining that the public began regularly using Rita Drive in 1974.

In addition, we find no merit in Appellants' assertion that their property deeds' language did not put them on notice regarding Rita Drive's status. Generally speaking, "a grantee is chargeable with notice of everything affecting his title which could be discovered by an examination of the records of the deeds or other muniments of title of his grantor." *Piper v. Mowris*, 351 A.2d 635, 639 (Pa. 1976) (quoting *Finley v. Glenn*, 154 A. 299, 301 (Pa. 1931)). It follows, then, that deed language referencing the fact that Rita Drive was considered to be a public road would therefore be sufficient enough to put Appellants on notice and preclude the tolling of the statute of limitations for filing their Petition. Both the Dyserts' and the

Macklins' respective deeds include descriptive information regarding the roads bounding their properties that, in context, refer to Rita Drive as a public road. *See* R.R. at 565a-72a, 744a-47a. Therefore, even if we assume that the running of the statute of limitations was tolled in some way by Appellants' purchase of their properties, we discern no error regarding Common Pleas' determination that they were put on notice regarding Rita Drive's status as a public road in 1997 and 1998, *i.e.*, when they secured their respective property deeds.

Finally, we are unpersuaded by Appellants' argument that they could not have discovered the scope of the Township's taking by exercising reasonable diligence. This is because Section 2307's operative language regarding the 33-foot width of roads made public in this manner has been in legal effect since 1933, when its predecessor statute was enacted as part of the original version of the Township Code. *See Fritchey v. Com.*, 200 A. 622, 623 (Pa. 1938) (discussing Section 1105 of the Act of May 1, 1933, P.L. 103, *formerly* 53 P.S. § 19093-1105, *deleted by* the Act of November 9, 1995, P.L. 350). As our Supreme Court remarked nearly two centuries ago,

> [i]t is an unquestionable principle, which applies to civil as well as criminal cases, that ignorance of law will not furnish an excuse for any person, either for a breach or omission of duty. *Ignorantia legis neminem excusat* is a maxim which is as much respected in equity as in law. This doctrine is among the settled elements of the law; for every man, at his peril, is bound to take notice of what the law is, as well the law made by statute as the common law[.] . . . The presumption is, that every man is acquainted with his own rights, provided he has a reasonable opportunity to know them. And nothing can be more liable to abuse than to permit a person to reclaim his property upon the mere preten[s]e that . . . he was ignorant of the law acting on his title[.]

*Rankin v. Mortimere*, 7 Watts 372, 374 (Pa. 1838). Therefore, given that the Dyserts and Macklins were on notice no later than 1997 and 1998, respectively, regarding Rita Drive's status as a public road, their ignorance regarding Section 2307 does not render this statute somehow inapplicable to their situation or mean that Appellants could not have discovered its effect through the exercise of reasonable diligence.

### III. Conclusion

Accordingly, we grant the Township's Application and affirm Common Pleas' December 22, 2020 order.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Russell D. Dysert, Karen K. Dysert, :
Joseph Klick, Jayne Klick, Michael :
Macklin and Lori Macklin :
                                 :
          v. :  No. 38 C.D. 2021
                                 :
Robinson Township, Washington :
County :
                                 :
Appeal of: Russell D. Dysert, Karen :
K. Dysert, Michael Macklin and Lori :
Macklin :

# **O R D E R**

AND NOW, this 22nd day of December, 2021, it is hereby ORDERED:

1. Appellee Robinson Township, Washington County's (Township) application to strike Appendix B and Appendix C from the Brief filed by Appellants Russell D. Dysert, Karen K. Dysert, Michael Macklin, and Lori Macklin, as well as all references thereto in that Brief, is GRANTED;

2. The Court of Common Pleas of Washington County's (Common Pleas) December 22, 2020 order is AFFIRMED.

                                 _____

                                 ELLEN CEISLER, Judge